[No. 21152. In Bank.—January 24, 1895.]

THE PEOPLE, PLAINTIFF, v. LOUIS HERTZ AND DORA HERTZ, DEFENDANTS.

CRIMINAL LAW—INSTRUCTION—CREDIBILITY OF WITNESSES—RELATIVES OF DEFENDANT.—An instruction to the jury in a criminal case upon the credibility of witnesses for the defendant, to the effect that, in judging the credibility of such witnesses, the jury are to take into consideration the fact that they were near akin or related to the accused, and that they could not be expected to say any thing unfavorable to the defendant, is erroneous.

ID.—CREDIBILITY OF DEFENDANT—PRINCIPLE INAPPLICABLE TO RELATIVES. An instruction to the jury bearing upon the credibility of a defendant's testimony is not looked upon with favor by this court, and must be limited within the strictest lines; and the principle of such an instruction cannot be applied to the relatives of the defendant.

ID.—RECEPTION OF STOLEN GOODS—INSTRUCTION AS TO VALUE.—The value of stolen goods alleged to have been knowingly received by the defend-

ant is a question of fact for the jury, and is a material element of fact in the case, as bearing upon the presence of guilty knowledge in the mind of the defendant when purchasing the stolen articles; and, where various estimates of value were given by the witnesses, for the court to assume in its instruction any specific statement of value higher than the lowest estimate given by any witness is to charge the jury in respect to a matter of fact, and is violative of the constitution of the state.

ID.—INSTRUCTIONS—ARGUMENTATIVE REVIEW OF CIRCUMSTANCES TENDING TO SHOW GUILT.—A judge cannot be too cautious in a criminal trial in avoiding all interference with the conclusions of the jury upon the facts; and it is improper for the court to review argumentatively the circumstances tending to show the defendant's guilt, so as to reveal the opinion of the court as to matters of fact bearing upon the question of defendant's guilt.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Robert Ferral,* and *Naphtaly, Freidenrich & Ackerman,* for Appellants.

The court erred in its instruction to the jury wherein it called the attention of the jury to the interest of some of the witnesses in the outcome of the case, because of their being related to the defendant, as the court in effect discredited these witnesses. (*People* v. *Bonney,* 98 Cal. 280; *People* v. *Lang,* 104 Cal. 363; *People* v. *O'Brien,* 96 Cal. 181.)  The charge of the jury, as a whole, was argumentative, gave a partial *résumé* of the evidence, and encroached upon the right of the jury by passing upon matters of fact. (Const., art. VI, sec. 19; *People* v. *Choynski,* 95 Cal. 640; *People* v. *Gordon,* 88 Cal. 422.) The court erred in its statement of facts as to the evidence presented to the jury in regard to the value of the goods alleged to have been sold. (*People* v. *Casey,* 65 Cal. 260; *People* v. *Buster,* 53 Cal. 613; *People* v. *Lang,* 104 Cal. 363.)  The court was not authorized to assume that a controverted fact had been established by the evidence, but should have submitted it to the determination of the jury. (*People* v. *Lee,* 6 Week. Rep. 119.)

*Attorney General W. H. H. Hart, and Deputy Attorney General Charles H. Jackson,* for Respondent.

The court did not err in its instruction to the jury as to the credit to be given the witnesses for the defendant who were related to such defendant. (*People* v. *Johnson*, 104 Cal. 418.) The charge of the court, taken as a whole, was fair and ample. The court may state the testimony and declare the law. (*People* v. *Casey*, 65 Cal. 260; Const., art. VII, sec. 19.) The charge should be taken as a whole, and be given a natural and unstrained interpretation. (*People* v. *Daniels*, 70 Cal. 522.) Instructions must be considered together. (*People* v. *Clark*, 84 Cal. 573; *People* v. *Turcott*, 65 Cal. 126; *People* v. *Herbert*, 61 Cal. 545; *People* v. *Raten*, 63 Cal. 425.) The court should disregard technicalities, and determine from the whole case whether the prisoner has had a fair trial, and the judgment is correct. (*People* v. *Moore*, 8 Cal. 93; *People* v. *Butler*, 8 Cal. 441.)

GAROUTTE, J.—Defendants were informed against by the district attorney for the crime of receiving stolen goods. Defendant Dora Hertz demanded a separate trial, which was duly accorded her, and, being found guilty, was sentenced by the court to serve a term of four years in the state prison located at San Quentin. This appeal is taken from the final judgment and also from the order of the court denying defendant's motion for a new trial. It is claimed by the prosecution that defendants bought and received the goods, consisting of pants, coats, and vests, of one McClellan, and that McClellan stole these articles of clothing from one Hornburg, a tailor. At the trial McClellan himself took the stand as a witness, and stated that he was the thief, and that he sold the goods to defendants.

We think the defendant has not had a fair trial, and the judgment of conviction must be reversed upon various grounds

1. The daughters of defendant were important witnesses in her behalf, and the court gave the following

instruction to the jury, bearing upon their credibility: " In judging the credibility of witnesses I know that gentlemen of your intelligence need not be told that you are to look to the witness himself or herself, observe their method of testifying, see what their motive is, if they have any in the case; in this connection you have heard the testimony of parties near akin or related to the accused woman. Now, of course, as men of common sense, you must recognize the interest that they certainly feel in the outcome of this case, and you certainly would comprehend the proposition that they would not say any thing unfavorable to her that they could well avoid saying, or properly avoid, and that they certainly would not take the trouble to volunteer any thing against her case." This instruction is erroneous. While this court has often sustained instructions to the effect that the jury in weighing the testimony of a defendant are justified in taking into consideration his peculiar situation and relationship to the case, and the grave consequences to him depending upon the verdict of the jury, still the court has never gone to the length of holding that such an instruction would be proper applied to the testimony of the relatives of the defendant. Neither have the people cited a single authority from any other state supporting such a doctrine. If the rule is to be extended beyond the defendant, and include the relatives of the defendant, there is no reason why it should not equally apply to the friends of the defendant. The result would be that the evidence offered in defendants' behalf in many cases would be so distrusted and suspicioned as to go to the jury handicapped out of all practical usefulness. An instruction to the jury bearing upon the credibility of a defendant's testimony is not looked upon with favor by this court. We have repeatedly frowned upon the doctrine, and said that it would be limited within the strictest lines. To now apply the principle to the relatives of a defendant would be giving it an elasticity which we cannot sanction.

2. The value of the stolen goods was a material ele-

ment of fact in the case, as bearing upon the presence
of a guilty knowledge in the mind of the defendant
when she purchased the articles.　Considerable evi-
dence was introduced at the trial upon this question of
fact, and in treating of this subject to the jury the court
said, referring to evidence offered by the people: "There
are estimates of this value which have been made before
you by men of experience in the clothing business, and
in the value of such clothes as these, going all the way,
as I understand it, from ninety dollars to one hundred
and forty dollars; but the owner of the goods himself,
who, perhaps, is a competent judge of the value of the
goods, or should be, has estimated them at the sum of
ninety dollars, which is the lowest estimate of those
gentlemen tailors who came here, as I understand it.
. . . . Assuming that the value of these goods was
ninety dollars, which is the lowest estimate, the offer of
the seller to her was to take just exactly one-sixth of
their value.　He offered to throw off five-sixths of their
value if she would purchase.　She having failed to ob-
tain from him, according to her statement, any infor-
mation as to where or how he got the goods, offered him
a sum, twelve dollars, which still further reduced the
price, and in the acceptance of which the seller actually
threw off from the value of the goods, estimated at
ninety dollars, over six-sevenths."　In view of the fact
that the defendant placed three or four witnesses upon
the stand who testified that the goods were only worth
from eighteen dollars to twenty-one dollars, the state-
ment of the court to the jury upon a matter of fact as to
the value cannot be sustained.　The value of this prop-
erty, as we have seen, was pre-eminently and essentially
a question of fact for the jury, and in no sense a ques-
tion of law for the court.　It was for the jury alone to
say whether the witnesses of the people or the witnesses
of the defendant told the truth in this respect.　And,
while under the constitution (art. VI, sec. 19), the judge
may state the testimony to the jury, yet the same sec-
tion positively forbids the judge from charging the jury

with respect to matters of fact. The portion of the charge we have quoted as to the value of the property embraces no element of law, but is confined solely to matters of fact, and is therefore violative of the provision of the constitution of this state.

3. The circumstances tending to show defendant's guilt were taken up by the court *seriatim,* and reviewed argumentatively by the court in its charge to the jury. That review of the evidence we at least can safely say did the prosecution's cause no harm, and the defendant's cause no good. In this regard we quote from *People* v. *Williams,* 17 Cal. 147, approved in *People* v. *Gordon,* 88 Cal. 426, wherein Justice Baldwin used the following language in a criminal case: "The experience of every lawyer shows the readiness with which a jury frequently will catch at intimations of the court, and the great deference which jurors pay to the opinions and suggestions of the presiding judge, especially in a closely balanced case, when they can thus shift the responsibility of a decision of the issue from themselves to the court. A word, a look, or a tone may sometimes in such cases be of great or even controlling influence. A judge cannot be too cautious in a criminal trial in avoiding all interference with the conclusions of the jury upon the facts."

For the foregoing reasons the judgment and order are reversed and the cause remanded for a new trial.

MCFARLAND, J., HARRISON, J., and VAN FLEET, J., concurred.