[Civ. No. 253.    Third Appellate District.—November 23, 1906.]

# NATHANIEL HERSPERGER, Respondent, v. PACIFIC LUMBER COMPANY, Appellant.

NEGLIGENCE—MASTER AND SERVANT—UNSAFE PLACE FOR WORK—CON-FLICT OF EVIDENCE—ABSENCE OF ERROR IN EVIDENCE—REVIEW UPON APPEAL.—In an action by a servant for injuries resulting from the negligence of the master in providing an unsafe place for work, where the verdict was for the plaintiff, and the evidence set forth in the bill of exceptions is conflicting, and no errors are assigned in the admission of evidence, the evidence will not be reviewed upon the defendant's appeal.

ID.—INSTRUCTIONS—ASSUMPTION OF RISK—INSPECTION OF DEFECTS—KNOWLEDGE OF SERVANT—BURDEN OF PROOF.—It was proper to instruct the jury "that while the servant assumes all the ordinary risks of the business in which he is employed, yet he does not assume the risk from defective premises, machinery, or structures furnished him by the master, if the defect was either known to the master or could have been discovered by him by a reasonably careful inspection to discover defects, unless the servant also knew the dangers and risks arising therefrom," and "that a servant will be held to have known of such defect only when he had actual knowledge thereof, or when the defect was so obvious that he must have known, or simply refused to open his eyes and see," etc., and "that the burden of showing said knowledge on the part of plaintiff rests on defendant."

ID.—INSTRUCTION AS TO DUTY AND RIGHTS OF SERVANT.—While a succeeding instruction "that the servant is not required to use any degree of care or diligence to discover defects," is subject to criticism, if standing alone, yet when read with the preceding instruction, and in connection with the facts, and with the remainder of the instruction, "that it is not his duty to inquire into the safety of the machinery or place of work furnished him by the master with or upon which to do the work; the servant has a right to rely upon the master to furnish him a reasonably safe place to work, and reasonably safe machinery, and place to work with, because it is the master's duty to do so, and the servant may justly assume that the master has done his duty and furnished him reasonably safe place, machinery, and structure," there is no reversible error in such instructions read together.

ID.—PREPONDERANCE OF EVIDENCE AGAINST SERVANT'S KNOWLEDGE OF DEFECT.—*Held,* by the supreme court, in denying a hearing in

that court, that the preponderance of the evidence shows that the defect in the machinery used by the plaintiff was a latent defect not obvious to the plaintiff, and only discoverable by a careful inspection.

ID.—INSTRUCTION AS TO PREPONDERANCE OF EVIDENCE.—*Held,* that an instruction as to the preponderance of evidence, and as to what the jury should take into consideration in determining where it lies, is not objectionable as argumentative, or on any other ground. The rule applicable in criminal cases has no application to a civil case, in which "the weight of the evidence, or preponderance of the probabilities, is sufficient to establish a fact."

ID.—INSTRUCTION AS TO DAMAGES.—It was proper to instruct the jury that "the plaintiff, if he has shown himself entitled to recover, is entitled to recover for all damages which he has suffered up to the time of trial, and for all damages which it is reasonably probable that he will sustain in the future, not exceeding the sum claimed in the complaint," and that "such sum should be awarded as in your best judgment will fairly compensate him for any injuries received by reason of the alleged negligence and carelessness of the defendant, not exceeding in amount the sum claimed in the complaint."

ID.—REQUESTS PROPERLY REFUSED.—Instructions requested to be given, not announcing any principal of law, or which state a fact which should be left to the jury, or which ignore the defendant's negligence in not providing a safe place, or which are erroneous in law, were properly refused.

APPEAL from a judgment of the Superior Court of Humboltdt County and from an order denying a new trial.  E. W. Wilson, Judge.

The facts are stated in the opinion of the court.

Gillett & Cutler, for Appellant.

Mahan & Mahan, and Coonan & Kehoe, for Respondent.

BUCKLES, J.—This is an action to recover damages for personal injuries.

The case was tried by a jury, which found for the plaintiff in the sum of $7,000, and judgment was entered for plaintiff for that sum.

The appeal is from the judgment and from the order denying defendant's motion for a new trial. The plaintiff was in the employ of defendant in its lumber-mill in Humboldt

county and was hurt in the eye by a piece of timber in the course of his employment. The complaint alleges that at the time of said injury defendant maintained and operated in connection with his lumber-mill a certain machine known as a "hog," which was used for grinding and cutting up edgings and waste pieces of lumber into small pieces to be conveyed to the furnaces in said mill to be burned. That such waste pieces of lumber were conveyed to said "hog" from the main floor of said mill by means of a chute about eight feet wide at the lower end and had sloping sides so that said waste pieces of lumber would slide down said chute and into said "hog." Said chute was inclined at an angle of forty-five degrees. It is further alleged that the sides, bottom and end of said chute were constructed of planks about two inches thick, and that said chute was partially covered on the inside with sheet iron or boiler iron, so as to prevent the edgings and other pieces of waste lumber from coming into contact with the planking of said chute, thereby preventing said planking from becoming worn and damaged and also to prevent said waste pieces from protruding through sides or end of said chute. That on December 17, 1902, the day of the accident, and for a long time prior thereto defendant maintained said chute in an unsafe, defective and dangerous condition in this: That the planks of the end or face thereof were so negligently and carelessly fastened that one of said planks became and was loose and dropped down at one end, thereby leaving a crack or hole in the end or face of said chute about three inches wide, through which edgings and other pieces of waste lumber could pass, thereby rendering said chute defective, dangerous and unsafe. That on said day and for ten days prior thereto, plaintiff was and had been employed by defendant to attend said "hog," and that on said day plaintiff was engaged in attending said "hog" in pursuance of said employment. That in order to perform his duties it was necessary for him to stand near said "hog" and directly in front of the end or face of said chute and very close to the end thereof, and with the aid of an iron bar stir up the edgings and other pieces of lumber that might be thrown into said chute, so that they would slide down said chute and into said "hog," and in order to perform said work it was necessary for plaintiff to stand very close to the end of said chute. That on said day, while plaintiff was in the per-

formance of his duties a piece of edging about six feet long was violently forced through said hole or crack in the end or face of said chute and struck plaintiff in the left eye, and and so impaired it that it had to be and was removed.

The appeal is here on a bill of exceptions containing the evidence, but as it is admitted that there is a conflict in the evidence on all the material issues raised by the pleadings, and no errors in the admission of evidence being pointed out, we will not consider the evidence at all. The answer denies specifically all the allegations of the complaint and alleges that the injury suffered by plaintiff was caused by one of the ordinary risks of the employment in which he was engaged, and which he assumed and of which he had full knowledge, and that the injury suffered by plaintiff was proximately and directly caused by reason of his own carelessness and negligence. Error is assigned by appellant in giving so much of instruction eight as we place in italics. The whole instruction reads as follows: "The defendant also alleges that the injury suffered by plaintiff was caused by one of the ordinary risks of the employment in which plaintiff was engaged and which he assumed and of which he had full knowledge, but I charge you that while the servant assumes all the ordinary risks of the business in which he is employed, yet he does not assume the risk from defective premises, machinery or structures furnished him by the master, if the defect was either known to the master or could have been discovered by him by a reasonably careful inspection to discover defects; unless the servant also knew the dangers and risks arising therefrom; and *I charge you that a servant will be held to have known of such defect only when he had actual knowledge thereof, or when the defect was so obvious that he must have known or simply refused to open his eyes and see, or when he was put upon inquiry by some discovery or suggestion of danger which it was gross negligence for him to neglect.* And I charge you that the burden of showing such knowledge on the part of the plaintiff rests on defendant."

This instruction was given and upheld in *Silveira* v. *Iversen,* 128 Cal. 187, [60 Pac. 687]. But appellant insists the doctrine thus laid down was overruled in *Thompson* v. *California Const. Co.,* 148 Cal. 35, [82 Pac. 368]. In that case a like instruction was given, and upon a motion for a new

trial being made, the lower court granted the motion upon the sole ground that it had made an error in giving the following instruction: ''It is the duty of the employer to furnish an employee with a reasonably safe place in which to do any work the employer shall require of the employee, and to keep that place reasonably safe, and the employee has the right to assume that the employer has performed that duty, and the employee is not required to use any degree of care or diligence to discover danger to which he shall be exposed by reason of the failure of his employer to do his duty, and the employee shall be held to have assumed the risk only when he knew, and will be held to have known only when the danger was so obvious that he must have known or simply neglected to open his eyes and see, or when he was put upon inquiry by some discovery or suggestion of danger which it was gross carelessness for him to neglect.''

I do not think instruction eight in the case at bar is subject to the criticism made in *Thompson* v. *California Const. Co.,* 148 Cal. 35, [82 Pac. 368]. The following instruction nine might be. The objection is taken to the italicized part, and it reads as follows: *''I instruct you that the servant is not required to use any degree of care or diligence to discover defects.* It is not his duty to inquire into the safety of the machinery or structures or place of work furnished him by the master with or upon which to do work. The servant has a right to rely upon the master to furnish him a reasonably safe place to work and reasonably safe machinery and structures to work with, because it is the master's duty to do so, and the servant may justly assume that the master has done his duty and furnished him such reasonably safe place, machinery and structure.''

This instruction, or that part objected to, would be error standing alone. But with the words of instruction 8 ringing in their ears how could it be possible under these words, the ''servant is not required to use any degree of care or diligence to discover defects,'' to understand that if the danger was one that he could not help seeing, and the plaintiff did see, and yet kept on at work with such danger staring him in the face, and under such circumstances he would not assume the risk himself? Besides, the court, in *Thompson* v. *California Const. Co.,* 148 Cal. 35, [82 Pac. 368], says: ''We express no opinion upon the question whether or not this

part of the instruction was correct as applies to this particular case.'' The court then cites sections 1970 and 1971, Civil Code, which it says is declarative of the law upon this subject and these sections read as follows:

''1970. An employer is not bound to indemnify his employee for losses suffered by the latter in consequence of the ordinary risks of the business in which he is employed, nor in consequence of the negligence of another person employed by the same employer in the same general business, unless the negligence causing the injury was committed in the performance of a duty the employer owes by law to the employee, or unless the employer has neglected to use ordinary care in the selection of the culpable employee.''

''1971. An employer must in all cases indemnify his employee for losses caused by the former's want of ordinary care.''

Applying the instruction to this case where there was a hole three inches wide in the end or face of said chute through which edgings and other pieces of lumber could pass, rendering the chute dangerous and unsafe for any person to work around it, and it was while the chute was in this condition and plaintiff working around and about it and in front of the end or face very close to the end of the chute, that a piece of edging or lumber about six feet long was forced through said hole and struck him in the eye. It would seem to us that under instructions 8 and 9, reading them together, as the court must have done, the jury must have understood that if the plaintiff could have observed this three-inch hole while standing where and as close to it as he was required to to perform his labor and without hunting around to find it, and kept on at work, he would be contributing to the negligence and likewise to the injury, and thus under said instructions would not be entitled to recover, and the burden of proving this knowledge on the part of the plaintiff was upon the defendant. Thus considering the two instructions, we do not think that there was any reversible error in them. The following instruction is assigned as error: ''The preponderance of evidence in a case is not alone determined by the number of witnesses testifying to a particular fact or state of facts. In determining upon which side the preponderance of evidence is, the jury should take into consideration the opportunities of the several witnesses for seeing or

4 Cal. App.—30

knowing the things about which they testify; their conduct and demeanor while testifying; their interest or lack of interest, if any, in the result of the suit; the probability or improbability of the truth of their several statements, in view of all the other evidence, facts and circumstances proved in the trial; and from all these circumstances determine upon which side is the weight or preponderance of the evidence.'' It is claimed that this instruction is argumentative. It does not appear so to us. The court has simply told the jury the common-sense circumstances known to every intelligent juror by which the statements made by witnesses may be weighed. The court is not limited to the circumstances enumerated in sections 1847 and 2061 of the Code of Civil Procedure. (*People* v. *Miles,* 143 Cal. 640, [77 Pac. 666].) This instruction is general and not applied to any particular witness, and is therefore not subject to the criticism made in *People* v. *Hertz,* 105 Cal. 663, [39 Pac. 32], *People* v. *Shattuck,* 109 Cal. 681, [42 Pac. 315], and *People* v. *Van Ewen,* 111 Cal. 149, [43 Pac. 520]. In the case of *People* v. *O'Brien,* 130 Cal. 1, [62 Pac. 297], a criminal case, the lower court, after having instructed the jury as to admissibility of circumstantial evidence or presumptive evidence, further instructed them as follows: ''When direct evidence cannot be produced, minds will form their judgments on circumstances, and act on the probabilities of the case.'' The supreme court held this language to be clearly erroneous, declaring that, ''In its explicit statement it purported merely to state a very common, though not always commendable, tendency of the human mind to act on probabilities and without satisfactory evidence, but it implied that the jury were at liberty to pursue this course. But the law requires the jury to be satisfied or convinced of the guilt of the accused before convicting, and hence permits them to act only on evidence sufficient to produce belief or conviction, or, as expressed in the code, on 'that degree of proof which produces conviction in an unprejudiced mind.' '' But this is not a criminal case where the liability of the defendant must be established beyond a reasonable doubt. We think the reasoning of the supreme court in *People* v. *O'Brien,* 130 Cal. 1, [62 Pac. 297], has no application to a civil action. In a civil case ''the weight of the evidence or preponderance of the probabilities is sufficient to establish a fact.'' (*Murphy* v. *Waterhouse,* 113 Cal. 467,

[45 Pac. 866].)   The portions of instruction number twelve which we italicize are assigned as error by appellant.   The instruction is as follows: "In this action the plaintiff, if he has shown himself entitled to recover, *is entitled to recover for all damages which he has suffered up to the time of the trial and for all damages that it is reasonably probable that he will sustain in the future, not exceeding the sum claimed in the complaint.*   In estimating the compensatory damages in cases of this character, all the consequences of the injury, future as well as past, are to be taken into consideration, including the bodily and physical pain and suffering which is shown by the proof to be reasonably certain to have naturally resulted from the injury.  The plaintiff, if you find him entitled to recover, should be awarded compensation for all expenses actually paid or incurred for doctor's bills, not exceeding the amount claimed therefor in the complaint.   If you find that plaintiff is entitled to recover, and believe from the evidence that the injuries sustained are permanent in their character, this must also be taken into consideration in your estimate of damages, and if you find for the plaintiff in this action, such sum should be awarded as in your *best judgment will fairly and fully compensate him for any injuries received by reason of the alleged negligence and carelessness of the defendant not exceeding in amount the sum claimed in the complaint.*"

The mere reading of the whole instruction is sufficient to show that there is no error in it.   It seems to us well established that "In actions for negligence, the law does not attempt to fix any precise rules for ascertaining what is a just compensation, but from the necessity of the case, leaves the assessment of the damages to the good sense and judgment of the jury, whose province it is to make the assessment." (*Lee* v. *Southern Pac. R. R. Co.,* 101 Cal. 118, [35 Pac. 572] ; *Howland* v. *Oakland C. St. Ry. Co.,* 110 Cal. 523, [42 Pac. 983].)   It is true the code (Civ. Code, sec. 3333) provides the rule of law governing damages in cases of this kind to be "the amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not."   When the jury was told they might award plaintiff such sum as in their "best judgment will fairly and fully compensate him for any injuries received by reason of the alleged negligence and carelessness of the defendant not ex-

ceeding in amount the sum claimed in the complaint," there was no suggestion that they might award damages according to any *feeling* they might have, nor did the court suggest to the jury anything else than that they must exercise their judgment from all the evidence in the case as to what the proper amount of damages should be. Therefore, *Fries* v. *American Lead Pencil Co.*, 141 Cal. 610, [75 Pac. 164], relied upon by appellant, is not a case in point here. The instruction read as a whole is not objectionable and fairly states the law. The court refused to give the following instructions asked by defendant: "No. 22. I further instruct you that if you find from the evidence that the plaintiff was looking into the chute at the place where he placed the bar to fill it, when clogged, and was thereby injured by reason of any edging or other substance coming out of that hole, then your verdict must be for the defendant." This was not given "because given in substance in defendant's instruction No. 13. The thirteenth instruction is as follows: "I charge you that if you find from the evidence that plaintiff sustained his injuries from any other cause than that alleged in his complaint, you must find a verdict for defendant." This the court gave, and is as fair to the defendant as it could ask. The instruction asked and not given was properly refused because not announcing any principle of law. In addition to this and that the court thought it was given in substance in instruction No. 13 there is the further objection to it that it states a fact, to wit: that "where he placed the bar to fill it when clogged," which should be left to the jury. Further, it totally ignores any negligence on the part of defendant in not providing a safe place for his servant to work, and makes plaintiff liable if he looks at his work while performing it and while so looking is hurt. The instruction was properly refused. Refusing to give defendant's instruction No. 23 is assigned as error. It reads as follows: "I also charge you that if you find from the evidence that plaintiff was using said bar in a careless and negligent manner, being on the wrong side thereof, and while so using the same received the injury of which he complains, then you must return a verdict for the defendant." This instruction is not law. It would make no difference how negligently the plaintiff might have been using the bar at the time he was hurt if such negligence in no wise contributed to his hurt, and as to whether he was on the

wrong side of the bar is a question for the jury when inquiring into the cause of the injury. The instruction announces no rule of law in a case of personal injury by the master to his servant. But the ground was fully covered in instruction No. 5, which was given and goes as far as the law will allow. Instruction No. 5 reads as follows: ''If the injuries to plaintiff were caused proximately or exclusively by his own negligence or by the negligence of any of his fellow-employees, the defendant is not liable.''

When all the instructions given are read together and considered as a whole, we are satisfied they express the law, and could not have been prejudicial to the defendant.

Judgment and order affirmed.

Chipman, P. J., and McLaughlin, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on December 22, 1906, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 22, 1907, and the following opinion was then rendered thereon:

THE COURT.—In denying a rehearing in this case the court desires to state more clearly a fact not so fully brought out in the opinion in the district court of appeal. The machine at which the plaintiff was injured was in the basement of the mill, where there was very little light, and there is a decided preponderance of evidence that, standing in the position which he must occupy in operating the machine, the defendant could not see the defect which was the cause of his injury. In other words, there was not merely a conflict in the evidence, there was a preponderance of evidence to the effect that the defect in the machine was a latent defect, not obvious, and only discoverable by a careful inspection.