[Civ. No. 1738. Second Appellate District.—June 25, 1915.]

JOHN W. ROUSE, Respondent, v. PACIFIC ELECTRIC RAILWAY COMPANY (a Corporation), Appellant.

ACTION FOR DAMAGES—PERSONAL INJURIES—ADMISSION OF NEGLIGENCE —ERRONEOUS INSTRUCTIONS—WHEN NONPREJUDICIAL.—Where, in an action for damages for personal injuries received by a passenger on a street car from a collision between such car and an oil train of the defendant, the negligence of the defendant is admitted, and the only issue raised is as to whether the plaintiff sustained any injuries from the accident, it is error to instruct the jury that the fact that plaintiff was injured in the collision was admitted by the defendant; but such error is without prejudice, where the evidence produced established beyond controversy that serious injuries were inflicted upon the plaintiff.

Id.—Instruction—Proof of Injuries—Preponderance of Evidence.—
It is also error to refuse to instruct the jury as to the plaintiff's
duty to show by a preponderance of the evidence that he sustained
the injuries as a result of the accident, but in view of the evidence,
such error is likewise not prejudicially erroneous.

Id.—Instruction—Damages—Loss of Earning Power—Prejudicial
Error.—It is, however, prejudicially erroneous to instruct the jury
that, "it is not necessary that any witness should have expressed an
opinion as to the amount of damages sustained by the plaintiff as
a proximate result of the accident. The jury will estimate it from
the evidence, using their own knowledge and experience in the affairs
of life; and the jury will consider what, if anything, has been *or
will probably be the plaintiff's loss of earning power. It is not
necessary that evidence should be presented in this matter. The
jury may estimate it.* Also his reasonable expenses actually paid
or incurred," as such italicized portion of the instruction limits the
evidence presented bearing upon the loss of earning power, and tells
the jury that as to the latter, no evidence was required, and implies
that as to such part of the detriment suffered by the plaintiff, the
amount of his damage, measured in terms of money, the jury might
estimate without regard to the evidence. Damages thus determined
by conjecture are not the damages which are "reasonably certain to
result in the future."

APPEAL from a judgment of the Superior Court of
Los Angeles County and from an order denying a new trial.
Walter Bordwell, Judge.

The facts are stated in the opinion of the court.

J. W. McKinley, R. C. Gortner, Frank Karr, and A. W.
Ashburn, for Appellant.

Goudge, Williams, Chandler & Hughes, and Edmund B.
Drake, for Respondent.

CONREY, P. J.—This is an action to recover damages
for personal injuries caused by negligence of the defend-
ant. The defendant appeals from the judgment and from
an order denying its motion for a new trial.

A collision occurred between a passenger car of the de-
fendant and an oil train of the defendant, the plaintiff be-
ing at the time a passenger in the car. The defendant ad-
mitted these facts and that the collision was due to its neg-
ligence. The only issue in the case was raised by a denial
that the plaintiff sustained any injuries from the accident.

The judgment is based upon the verdict of a jury awarding damages in the sum of five thousand dollars to the plaintiff. The only points presented on the appeal are those hereinafter noted. The defendant introduced no testimony and the case was submitted upon the uncontradicted evidence presented by the plaintiff.

In giving instruction A the court told the jury that the fact that plaintiff was injured in the collision was admitted by the defendant. In view of the denial in the answer made as above stated, the court erred in making the above mentioned statement to the jury; but as the evidence produced to the jury established beyond controversy that serious injuries were inflicted upon the plaintiff, this error was without prejudice to the defendant.

The same conclusion applies to the court's refusal to give the instructions numbered I and XI relating to the plaintiff's duty to show by a preponderance of the evidence that he sustained injuries as a result of the accident. The proposition stated in the last sentence of the refused instruction No. XI was substantially included in one of the instructions given by the court.

Instruction C given by the court is as follows: "It is not necessary that any witness should have expressed an opinion as to the amount of damages sustained by the plaintiff as a proximate result of the accident. The jury will estimate it from the evidence, using their own knowledge and experience in the affairs of life; and the jury will consider what, if anything, has been *or will probably be the plaintiff's loss of earning power. It is not necessary that evidence should be presented in this matter. The jury may estimate it.* Also his reasonable expenses actually paid or incurred." It is claimed that this instruction is erroneous by reason of the words above shown in italics. The court had already stated to the jury in instruction B that the compensatory damages which the law permits to be awarded for personal injuries are the amounts which will fairly and reasonably compensate the injured person for the damages sustained by reason of the injuries; and that the jury might take into consideration what the evidence shows to have been the pain and suffering endured by the plaintiff and the permanency, if any, of the injuries he has sustained, and the extent of impairment of his health as the proxi-

mate result of the accident. It is true, as set forth in *Melone* v. *Sierra Railway Co.*, 151 Cal. 113, 117, [91 Pac. 522], that the plaintiff is entitled only to "such damages as by the evidence it is reasonably certain that he will suffer in the future." This rule is based upon section 3283 of the Civil Code, which says: "Damages may be awarded, in a judicial proceeding, for detriment resulting after the commencement thereof, or certain to result in the future." By the language above noted, to which the appellant objects, the jury were plainly told that in estimating damages they must find an amount expressing the loss "sustained by the plaintiff as a proximate result of the accident"; and further were correctly informed that in considering the evidence they might take into consideration what "will probably be the plaintiff's loss of earning power." The statement that "it is not necessary that evidence should be presented in this matter," relates to that single element of damages sustained by the plaintiff consisting in loss of earning power. Evidence bearing upon the loss of earning power was presented in the testimony which described the occupation of the plaintiff, his age, the condition of his health, and his activities immediately preceding the accident, and the changed conditions as to health and physical capacity following and resulting from the accident and injuries received by him. But the instruction as given limits this evidence to those elements of damage other than loss of earning power, and tells the jury that as to this last matter, no evidence was required, and implies that as to this part of the detriment suffered by plaintiff, the amount of his damage, measured in terms of money, the jury might estimate without regard to evidence. Damages thus determined by conjecture are not the damages which are "reasonably certain to result in the future." For this reason the instruction is erroneous.

The judgment and order are reversed.

James, J., and Shaw, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on July 24, 1915, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 23, 1915.