[Civ. No. 6997. First Appellate District, Division Two.—March 18, 1931.]

MILTON KRAFT, Respondent, v. ACME STEVEDORE COMPANY (a Corporation) et al., Appellants.

Gillogley, Crofton & Payne and Hadsell, Sweet & Ingalls for Appellants.

Melvyn I. Cronin and William Denman for Respondent.

STURTEVANT, J.—This appeal is taken from a judgment in favor of plaintiff and against the defendants Acme Stevedore Company, a corporation, and Jack Bishop in the sum of $20,000 for personal injuries received by plaintiff.

The accident happened on June 28, 1927, near a cafeteria at the west end of pier 32 on the San Francisco waterfront. This pier runs in an easterly and westerly direction. Both Kraft and Bishop were employed as operators of small trucks used for transporting freight and towing small flatcars about the pier. Kraft was operating an electric truck for the Matson Navigation Company while Bishop was operating a gasoline truck for the Acme Stevedore Company. The injuries to Kraft resulted from a collision between these trucks. On the southerly side of the pier and along the center portion thereof there was an aisle down the pier formed by piles of cased pineapple. Bishop operated his truck at a low rate of speed in a westerly direction along the pier toward the cafeteria towing three small flat-cars. He then made a horseshoe turn near the cafeteria to proceed back in an easterly direction down the pier. Prior to the accident Kraft had been unloading cases of pineapple from his truck to a pile on the southerly side of the pier. There is a conflict in the evidence concerning the position of Kraft's truck just before the accident occurred. Bishop testified that he saw Kraft's truck just prior to making the turn and that it was not projecting into the main aisle running down the pier. He further testified that the position of the truck was changed as he made the turn so that it projected into the main aisle. Kraft was on his truck in a position to operate it, but testified that he did not move the truck while Bishop was making the turn. Shortly before the collision Bishop

looked back to see that the small flat-cars he was towing did not come in contact with persons on the pier near the cafeteria as he made the turn. At the time of the collision Kraft's right foot was jammed between the pedals of his truck causing his injuries.

During the presentation of his case Kraft testified that he was a baseball player. As he stated it he was a semi-professional. That evidence was admissible. (*Scally* v. *W. T. Garratt & Co.*, 11 Cal. App. 139, 145 [104 Pac. 325].) In no place did he testify that he had a firm offer of a high salary as a baseball player.

The defendants make three points, all of which attack the verdict as being excessive. They claim that one instruction given at plaintiff's request authorized the jury to go into the realm of guessing and speculating. We think not. It was one of several instructions given on cognate subjects. Reading all of them together we cannot say the error was prejudicial. First we quote that part of the instruction complained of and then we set forth some other passages. "You are instructed that in determining the extent to which the *earning capacity* of plaintiff has been impaired by his injuries, you may take into consideration if you see fit what he has been earning in the immediate past and the *probabilities* of what his earnings would have been in the future if he had not received his injury." (Tr. 299.)

" . . . *in fixing damages* for said permanent injury, you should consider . . . whether or not it will *impair* the *future earning capacity* of the plaintiff. If you find . . . the plaintiff's injury will cease to cause pain and suffering and will not impair his earning capacity then plaintiff will be entitled to a smaller measure of damages. . . . In either case plaintiff is only entitled to the pecuniary damage *actually* suffered." (Tr. 298, 299.)

"The court instructs the jury that if you find that the plaintiff is entitled to recover, the measure of his recovery is what is denominated compensatory damages; that is, such sum as will compensate him for the injury he has sustained." (Tr. 296, 297.)

" . . . you should allow the plaintiff *only* such sum as will compensate him for the damage suffered from the injuries which were *proximately caused* by the negligence of the defendant. And in this regard you are instructed that

you are not permitted to *speculate, or surmise,* as to whether or not the plaintiff has suffered any injuries as the proximate result of said accident, but that the plaintiff must establish by a preponderance of the evidence that he did *actually,* as the proximate result of said accident, suffer certain injuries, and it is only as to such injuries, if any, that the plaintiff proves by a preponderance of the evidence that he suffered as a *proximate* result of said accident that you may award him damages.'' (Tr. 298.) The error, claimed to be in the first instruction, is that it uses the expression ''probabilities'' instead of using the words ''certain to result''. (Civ. Code, sec. 3283.) That section is worded as follows: *''Injuries Resulting or Probable After Suit Brought.* Damages may be awarded in a judicial proceeding, for detriment resulting after the commencement thereof, or certain to result in the future.'' But we think the error, if any, was cured by the other instructions from which we have quoted. (*Norton* v. *Houlette,* 85 Cal. App. 233, 235 [258 Pac. 1104]; *Brown* v. *Beck,* 63 Cal. App. 686, 697 [220 Pac. 14]; *Rouse* v. *Pacific Elec. Ry. Co.,* 27 Cal. App. 772, 774 [151 Pac. 164]; *Hersperger* v. *Pacific Lumber Co.,* 4 Cal. App. 460, 467 [88 Pac. 587, 591]; *Lonnergan* v. *Stansbury,* 164 Cal. 488 [129 Pac. 770].) For these reasons we do not think the case at bar is to be ruled by *Richman* v. *San Francisco etc. Ry.,* 180 Cal. 454, 460 [181 Pac. 769]. In making this attack the defendants, in their last brief, earnestly contend that there is a great difference between the words challenged and the expression if it had read '' . . . what he has been earning in the immediate past and what his earnings would probably have been in the future. . . . '' It does not so impress us. We think the same principles which we have adverted to would apply.

It will be noted that hereinabove we used the expression ''the error, if any, . . . '' We did so advisedly. The subject to which the instruction was addressed in the instant case was future earnings, not to bodily injuries. Now it is settled law that in this state the title of a code section as printed in the code is to be read with the body of the section when the section is being construed. (*Bettencourt* v. *Sheehy,* 157 Cal. 698, 701, 702 [109 Pac. 89].) When the body and title of Civil Code section 3283, are read together, and applied to future earnings as the same may be based on legal

evidence theretofore introduced, the mind naturally considers the probable length of the injured man's probable life, the continuance of his health, and probable continuance of the wage rate. The code section, title and all, would seem to authorize that manner of reasoning. But we express no opinion on the point. We rest our ruling on the cases cited above.

On the request of the plaintiff the trial court instructed the jury "It is the duty of all persons *so* to use their property *so* as not to cause injury to others, and a failure to perform said duty constitutes negligence." It is not an apt expression of the law. The two words which we have italicized are small but they limit the rest of the expression. The instruction was preceded almost immediately by another instruction worded as follows: "The court instructs you that in the case presented defendants were required to use ordinary care, by which is meant that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances." Reading both instructions together we think it can reasonably be claimed that the first one stated to the jury that the operator of property must use some care and that the second instruction informed the jury that in the case on trial the operator was bound to use ordinary care. As so construed the challenged instruction did not contain prejudicial error.

The defendants further claim that the verdict was excessive. The verdict was high, it will be conceded; but, under the facts, it cannot at first blush be said that the verdict, in part, rests on passion or prejudice. (*Campanella* v. *Campanella*, 204 Cal. 515, 523 [269 Pac. 433].) Doctor bills etc. amounted to $770. Before the trial and following the accident his loss in wages amounted to $5,500. He experienced the accident and down to the date of the trial he had undergone five operations and 190 treatments and had been and was suffering pain, at times, intense. Proper damages for the foregoing elements would greatly reduce the verdict which was in the sum of $20,000. By reason of the accident and the necessary operations the plaintiff's right heel has been so torn or cut away that the bone protrudes and there is no flesh to support his heel. He is compelled to wear a padded shoe to protect his heel and to walk on the ball of his right foot. Any improvement in the conditions

is problematical. At the time of the trial he was twenty-four and his expectancy was over thirty-eight years. He weighed 186 pounds and by occupation was at times a stevedore, hoisting engineer, and baseball player. In these capacities he had the capacity to earn $3,000 a year. Sometimes he was out of work and then his earnings were reduced. But the evidence showed that sometimes he had continuous employment for six months. The defendant asserts that the jury estimated the plaintiff's loss of earnings by assuming that he was a high-salaried baseball player. The record does not contain such evidence and furthermore the record does not show that the jury based its verdict, in whole or in part, thereon.

We find no prejudicial error in the record. The judgment is affirmed.

Nourse, P. J., concurred.

SPENCE, J., Dissenting. — I dissent. The trial court gave the following instruction: "It is the duty of all persons so to use their property so as not to cause injury to others *and a failure to perform said duty constitutes negligence.*" This is more than an inapt expression of the law. It is an entirely erroneous definition of negligence. It was the duty of defendants to exercise ordinary care in the use of their property so as to avoid injury to plaintiff. If they failed to exercise ordinary care under the circumstances they were chargeable with negligence; otherwise they were not. The foregoing instruction was bound to be misleading and would obviously tend to confirm the erroneous impression of many laymen that liability in personal injury cases is predicated upon any use of one's property causing injury to another. It not only warranted the jury in basing a finding of negligence merely upon the happening of the accident without regard to the amount of care exercised, but in effect directed such a finding, thus making the rule of negligence absolute and not relative. The fact that another instruction imposed upon defendants the duty to exercise ordinary care does not cure the error complained of. Defendants were still negligent under the foregoing instruction if they used their property in any manner so as to cause the injury.

Counsel for respondent does not attempt to justify the giving of this instruction but cites section 4½ of article VI of the Constitution and quotes from 19 Cal. Jur., page 747, as follows: ''Thus even though an erroneous instruction is given it is not prejudicial error if there is evidence which amply supports the verdict, and it is apparent that the jury disregarded the instruction.'' It is not at all apparent in the present case that this instruction was disregarded. There was a conflict in the evidence relating to the issues of negligence and contributory negligence. In the instructions the jury was given two definitions of negligence, one correct and the other incorrect. The general instructions relating to liability used the term ''negligence'', and it is impossible to determine upon which of the conflicting definitions of negligence the jury relied in applying these general instructions. Under these circumstances it cannot be said that the error was not prejudicial. (*Starr* v. *Los Angeles R. Corp.*, 187 Cal. 270 [201 Pac. 599]; *Hesler* v. *California Hospital Co.*, 178 Cal. 764 [174 Pac. 654]; *Quint* v. *Dimond*, 147 Cal. 707 [82 Pac. 310]; *White* v. *Davis*, 103 Cal. App. 531 [284 Pac. 1086]; *Alcamisi* v. *Market St. R. Co.*, 67 Cal. App. 710 [228 Pac. 410].)

Aside from the other points raised by appellant, in my opinion the giving of the above-mentioned instruction in itself requires a reversal.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 17, 1931, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 14, 1931.