[Civ. No. 8033.   Third Dist.   Dec. 27, 1951.]

Estate of MARGUERITA GIUBBANI, Deceased. SILVIO BUI, as Executor, etc., Appellant, v. THOMAS KUCHEL, as State Controller, Respondent.

R. P. Stimmel and Alvin P. Jackson for Appellant.

James W. Hickey, Chief Inheritance Tax Attorney, and John F. Rivolta for Respondent.

VAN DYKE, J.—Marguerita Giubbani died testate July 15, 1949, in Redding, Shasta County. Her will was admitted to probate and in due course S. C. Baker, an inheritance tax appraiser, was appointed as such, and as probate appraiser. He appraised the property in the estate, including certain business property in Redding, which business property he valued at $116,880. As inheritance tax appraiser he later filed his report, determining the tax to be paid to the state, in which report he placed the same value upon the same property. Silvio Bui, as executor of the will of decedent, filed objections to this report and among other objections took issue with the value placed upon the business property, alleging that the value should have been set at $56,626.67. After a hearing the trial court overruled his objections as to this particular parcel, affirming and adopting the value as reported. The executor moved for a new trial, which motion was denied, and he now appeals from the judgment.

Mr. Baker testified that he had for many years been a resident of Redding and an inheritance tax appraiser; that he knew the property in issue; that he had arranged for the sale of the parcel to the husband of decedent; that the land was worth $200 per front foot along Market Street in Redding and that it extended 192 feet thereon; that the north wall, east wall and south wall were of brick 12 inches thick, the west wall was also of brick, part solid brick and part brick veneer; that the building consisted of two stories, the two floors containing approximately 21,200 square feet; that the lower floor contained five partitions, three of solid brick 8 inches thick, the other two of solid brick 12 inches thick; that the gross annual rentals were $15,420 as received by the

decedent and her estate, although this sum did not include additional rentals that might have been received by a tenant, the executor, who rented the second floor and sublet offices therein; that he knew the condition and type of foundation; that the foundation was of brick extending 3 feet into the earth and from 3 to 4 feet wide at the bottom; that the building was well constructed; and that its remaining life was between 30 and 35 years. For appellant, Mr. Luckenbach testified that the land was worth $200 per front foot, but that the building was worth $15,333, making a total valuation of $53,733, as opposed to Mr. Baker's total figure as stated. For appellant there also testified Mr. Christensen who gave a total valuation of $63,744, and who placed the same value on the land as did Mr. Luckenbach and Mr. Baker. The qualifications of all three witnesses as experts on value are not questioned. Mr. Luckenbach also said that "the best corner" in the business district of Redding was at Yuba and Market Streets, about 600 feet from the subject property. It further appeared that the lower story of the building contained 10 commercial stores facing Market Street and that the second story consisted of 15 offices.

▪ Appellant first contends that the trial court erred in that it considered evidence not presented to the court in violation of the "fundamental rule that all evidence shall be taken in open court, that each party to a controversy shall have knowledge of, and thus be enabled to meet and answer, any evidence brought against him." (*Higgins* v. *Los Angeles Gas & Elec. Co.*, 159 Cal. 651 [115 P. 313, 34 L.R.A.N.S. 717], and *Rouse* v. *Pacific Elec. Ry. Co.*, 27 Cal.App. 772 [151 P. 164].) This assignment of error is based upon a statement made in the opinion of the trial court rendered on motion for new trial wherein the court stated that while he had a high respect for all three of the expert witnesses who had testified he thought the testimony of appellant's two witnesses not "consistent with the ordinary facts of life and common sense." The court continued, saying he could not accept the proposition that the building involved was 4/5ths depleted already "knowing the high values that have been allowed on buildings much older in many cases in this court in the last few years," that the court had "had one case where a jury placed a value of $15,000 on a frame house built in 1888, which is almost as much as Luckenbach and Christensen placed on this large two-story brick business building which was partially constructed about 1900 and remodeled twice thereafter, since World War

One.'' This statement appearing in the opinion of the trial court affords no foundation for the assignment of error. The court was not considering evidence dehors the record, but, *arguendo,* was using his local knowledge to meet and refute the arguments presented to him on the motion for new trial. The record does not uphold the claim that the trial court, either in ruling upon the objections to the appraised value or in answering the arguments for new trial, was basing his rulings upon evidence outside the record. In view of the substantial character of the evidence in support of the appraisal as filed and challenged we think it cannot be said that the trial court improperly considered evidence not introduced before it at the hearing. In saying this we are aware, as is counsel for the appellant, that ordinarily the memorandum opinion of the trial court, even though it expresses an erroneous viewpoint, will not work a reversal of a judgment that upon the record is correct. But we have chosen to examine the argument made and we think that it has no foundation in fact.

▮ Appellant next contends that the evidence is insufficient to support the findings and judgment as to the value of the subject property. What we have already said in our statement of the evidence, coupled with the rule that upon appeal the appellate court's function begins and ends with a determination as to whether or not there is any substantial evidence, contradicted or not, which will support the trial court's conclusions, is sufficient answer to this last contention of appellant.

We think it unnecessary to follow the argument presented by appellant in support of this contention. As has been said, a qualified witness testified as to the values adopted by the trial court. This witness detailed the facts upon which his opinion as to value was based, stating that he had considered such matters as type and condition of the building on the property, floor area of the same, number of stores and offices contained in the building, the rentals being obtained by decedent therefrom at the time of her death and other like details. When this witness had so expressed his opinion as to value the trial court was warranted in accepting that value as the value of the property. It is true, as is argued, that other witnesses, whose qualifications had also been stipulated to, gave other testimony, but this did no more than to raise a conflict with that upon which the trial court based its judgment. Appellant argues that in giving their opinion of value these witnesses adopted standards of appraisal which no one

denied were proper, and in the use of these standards these witnesses testified to details which also were not expressly contradicted by respondent's evidence, but the end result was that the values so arrived at by these witnesses were different from the value arrived at by respondent's witness, with the result that a factual issue was presented to the trial court which it resolved by accepting as correct the testimony of respondent's witness.

The judgment is affirmed.

Adams, P. J., and Schottky, J. pro tem., concurred.

A petition for a rehearing was denied January 21, 1952, and appellant's petition for a hearing by the Supreme Court was denied February 21, 1952. Carter, J., did not participate therein.