EMMA HALL, Appellee, v. CEDAR RAPIDS & MARION CITY RAILWAY COMPANY, Appellant.

**Evidence:** DECLARATIONS: *Res gestae.* In an action against a railroad company for injuries to a passenger, evidence of declarations made by plaintiff to a witness some days after the accident as to the manner of the injury and of her sufferings was improperly received.

**Damages:** FUTURE PHYSICAL OR MENTAL ANGUISH: *Speculative.* An instruction in an action against a railroad company for injuries to a passenger authorizing damages for any physical pain or mental anguish plaintiff might suffer in the future is erroneous, as allowing speculative damages.

**Instructions:** REQUESTS: *To correct wrong instruction.* Where the court erroneously instructed the jury in favor of the plaintiff, failure of the defendant to request a proper instruction will not prevent him from complaining of the one given.

CONSTRUED. Where in an action for personal injuries the court instructed that plaintiff was guilty of contributory negligence if she did "any act" directly contributing to the injury, the court will be deemed to have intended to say "any negligent act."

*Appeal from Linn District Court.*—HON. WM. G. THOMPSON, Judge.

MONDAY, OCTOBER 21, 1901.

ACTION at law to recover damages for personal injuries received by plaintiff while alighting from a car owned and operated by defendant company. There was a trial by jury,

resulting in a verdict and judgment for plaintiff, and defendant appeals.—*Reversed.*

*W. E. Steele* and *Powell & Harmon* for appellant.

*W. H. Storrs* and *E. C. Preston* for appellee.

Deemer, J.—The instruction relating to the measure of plaintiff's recovery in the event the jury found in her favor was as follows: "In estimating the damages, if any you find, you will allow plaintiff for any physical suffering and pain and mental anguish, if any, she has suffered and shown in evidence, or which she may in the future suffer, if any, in consequence of the alleged injury, and a reasonable allowance for any physician's bills, if any, she has expended in consequence of said injury, and shown in evidence, but not to exceed the amount claimed in plaintiff's petition." This instruction was clearly erroneous, in that it permitted the jury to enter into the realm of speculation regarding plaintiff's future suffering. Such a charge has frequently been disapproved by this court. *Fry v. Railway Co.,* 45 Iowa, 417; *Reed v. Railroad Co.,* 57 Iowa, 25; *Stafford v. City of Oskaloosa,* 57 Iowa, 751; *Ford v. City of Des Moines,* 106 Iowa, 96. It was not cured, even if it could be, by any subsequent instruction. But plaintiff insists that defendant may not complain, because it asked no instructions relating to the subject. If the instruction had been good as given, defendant could not, in the absence of request, complain of it. But it was the duty of the trial court, in giving its instructions, to announce correct principles of law. If it erred in this respect, failure of defendant to ask proper ones will not cure the error. These rules are fundamental, and need no citation of authorities in their support.

II.   In the fourth instruction the court said: "As applied in this case, the negligence charged in plaintiff's petition against the defendant, if it has, under the facts and

circumstances shown in evidence, omitted to do something which an ordinarily careful person would do, or has done something. which an ordinarily careful person would omit, under the circumstances, then you will be warranted in finding that the defendant is guilty of negligence; and, if you find from said evidence that the plaintiff has done any act which directly contributed to the injury, then you will be warranted · in finding that she was guilty of contributory negligence, and your verdict shall be for defendant."

3      It is · insisted that under this instruction the verdict should have been for ·defendant, for the reason that many acts of the plaintiff contributed to the injury; e. g. her presence at the time it was received. The instruction is not happily worded, and perhaps, strictly speaking, defendant is correct in its contention. It is evident, however, that the court intended to say "negligent act" of plaintiff; and on a retrial, to avoid all question, that term should be used.

A witness was permitted to state that some days after the accident plaintiff told her (witness) how she had been hurt, and complained of her shoulder and chest. Declarations as to present pain are, no doubt, admissible, but

4      narrations of past occurences and statements as to a past state of body or mind cannot be received in evidence. *Keyes v. City of Cedar Falls,* 107 Iowa, 520.

For the errors pointed out, the judgment is REVERSED.