[Sac. No. 1470.   Department Two.—May 2, 1907.]

## EDWARD D. MELONE, Respondent, v. SIERRA RAIL-WAY COMPANY OF CALIFORNIA (a Corporation), Appellant.

JURY—CHALLENGE FOR BIAS—REVIEW ON APPEAL—INJURY MUST BE SHOWN.—The action of the trial court in not allowing a challenge of a juror for bias will not be reviewed on appeal unless prejudice or injury is shown; and where it does not appear from the record on appeal that the appellant was forced to exercise a peremptory challenge upon the juror, or that he had exhausted his peremptory challenges, no detriment by the ruling is shown.

NEGLIGENCE—PERSONAL INJURIES—EXAMINATION OF PLAINTIFF'S BODY. —In an action to recover damages for personal injuries, a contention that the court erred in refusing the defendant's application for a personal examination of the body of the plaintiff cannot be sustained, when the facts show that the plaintiff consented to submit to an examination by any physicians appointed by the court; that he had, while on the witness-stand, offered an inspection of his injured arm to the defendant's medical experts, who had previously examined and inspected his injuries, and to a medical expert appointed by the court to make such examination.

ID.—MEASURE OF DAMAGES — MEDICAL EXPENSES — INSTRUCTION.—In such an action, where the reasonableness of the expenses incurred by the plaintiff for medical treatment was not disputed, the jury could not have been misled to the prejudice of the defendant by an instruction which declared that the plaintiff was entitled to recover as one of the elements of damage ''such sum as will compensate him for the expense, if any, he has paid or incurred in the employment of a physician and the purchase of drugs during the time he was disabled by the injuries, not exceeding the amounts alleged in the complaint.''

ID.—DAMAGES FOR LOSS OF TIME—EARNING CAPACITY OF PLAINTIFF— EVIDENCE.—Although there was no positive testimony as to the wages which the plaintiff had earned previous to the injury, it was not error for the court to charge the jury that the plaintiff could recover for the value of his time during the period that he was disabled, when the evidence disclosed the nature of the plaintiff's employment and the occupations at which he had worked. Such evidence was sufficient to have warranted the jury, in case they found a permanent impairment of earning capacity, to have awarded more than merely nominal damages.

ID.—MENTAL SUFFERING RECOVERABLE BY PERSON INJURED.—In an action by the person injured to recover damages for personal injuries, the mental suffering endured by him may be considered as an element of damages.

CLI Cal.—8

ID.—FUTURE MENTAL SUFFERING—CERTAINTY OF RESULT—CONTRADIC-
TORY INSTRUCTIONS.—In such an action, instructions to the effect
that the plaintiff is entitled to recover on account of the pain
and suffering that he "may suffer by reason of his injuries,"
or that he "may undergo in the future" by reason thereof, are
erroneous, in permitting the jury to estimate prospective damages
upon what they believed might be the plaintiff's future suffering.
Under section 3283 of the Civil Code such prospective damages are
recoverable only when they are certain to result in the future.
The error in such instructions is not cured by a subsequent contra-
dictory instruction which declares the true rule as embodied in
that section.

APPEAL from a judgment of the Superior Court of Tuol-
umne County and from an order refusing a new trial. L. W.
Fulkerth, Judge presiding.

The facts are stated in the opinion of the court.

S. D. Wood, J. C. Campbell, and F. W. Street, for Ap-
pellant.

F. D. Nicol, F. P. Otis, and Ashley & Neumiller, for Re-
spondent.

HENSHAW, J.—Plaintiff was a passenger upon one of
defendant's trains, and was injured by a collision between his
train and another, also belonging to defendant. He brought
his action to recover damages for injuries inflicted, and the
jury returned a verdict in his favor. From the judgment
which followed defendant moved for a new trial, which the
court refused. Defendant appeals from the judgment and
from the order refusing it a new trial.

1. It is urged that the court erred in not allowing the chal-
lenge for bias interposed by defendant to one of the panel.
But it has long been the rule of this court that it will not re-
view the action of the trial court in this regard, unless preju-
dice or injury is shown. (*People* v. *McGungill,* 41 Cal. 429;
*People* v. *Gatewood,* 20 Cal. 149; *People* v. *Gaunt,* 23 Cal. 157;
*People* v. *Weil,* 40 Cal. 268.) By the record before us it is
not made to appear that defendant was forced to exercise a
peremptory challenge upon the juror, or that defendant had
exhausted his peremptory challenges. In no way, therefore,

is it established that it suffered any detriment by the ruling of the court.

2. It is contended that the court erred in refusing defendant's application that a personal examination be made of the body of the plaintiff. This court has recently had occasion to consider this matter in *Johnson* v. *Southern Pacific Co.*, 150 Cal. 535, [89 Pac. 348]. The facts in this case, however, disclose that plaintiff consented to submit to an examination by any physicians appointed by the court; that he had, while on the witness stand, offered an inspection of his injured arm to the defendant's experts, Doctors Anderson, Congdon, and Gould. Doctors Anderson and Congdon had previously examined and inspected the plaintiff's injuries, and Doctor Gould was given an opportunity to examine and inspect them, and was appointed by the court to make such examination. We see no force, therefore, in defendant's objection.

3. In instructing the jury upon the measure of damages the court declared as one of the elements of damage, ''Such sum as will compensate him for the expense, if any, he has paid or incurred in the employment of a physician and the purchase of drugs during the time he was disabled by the injuries, not exceeding the amounts alleged in the complaint.'' It is objected to this instruction that the correct measure of damage in this regard is not the amount which he may have paid or become liable for, but the necessary and reasonable value of such services as may have been rendered him. Such reasonable sum, in other words, as has been necessarily expended or incurred in treating the injury. Such, unquestionably, is the true rule, yet we do not believe that the jury could have been led into error prejudicial to the defendant by the instruction which was given. The reasonableness of the expenses which plaintiff had incurred was not disputed.

4. The court further charged the jury that the plaintiff could recover for the value of his time during the period that he was disabled by the injury. It is said that there was no evidence as to what wages the plaintiff earned, or as to his earning capacity, and that it was, therefore, error for the court so to charge. But the nature of plaintiff's employment, the occupations at which he had worked, were in evidence, and even without any positive testimony as to the wages which he had previously earned there was sufficient to have war-

ranted the jury, in case they found a permanent impairment of earning capacity, to have awarded more than merely nominal damages. (*Storrs* v. *Los Angeles Traction Co.,* 134 Cal. 91, [66 Pac. 72].)

5. The court instructed the jury that an element of damage was "the pain and anxiety that he has suffered or may suffer by reason of his injuries." And, again, it instructed them that in estimating damages "you may take into consideration . . . the physical and mental suffering he may have sustained or may undergo in the future by reason of the injuries." It is argued that mental suffering is not an element of damage. In support of this proposition is cited *Newman* v. *Smith,* 77 Cal. 22, [18 Pac. 791], which was an action in fraud concerning real property, and the plaintiff sought a recovery for the worry, annoyance, and anxiety which the fraud had caused him. This court held that these were not elements of damage in such a case. *Monroe* v. *Dredging Co.,* 84 Cal. 516, [18 Am. St. Rep. 248, 24 Pac. 303], was an effort in an action by the personal representatives of the deceased to recover damages for the grief and mental suffering of the deceased's next of kin, and it was held that in such a case this was not a permissible element of damage. In *Morgan* v. *Southern Pacific Co.,* 95 Cal. 510, [29 Am. St. Rep. 143, 30 Pac. 603], an action by a mother to recover damages for the death of her child, the same effort was made to recover for the sorrow and mental anguish of the parent, and it was held that in that case it was not an element of damage. But, upon the contrary, where the suffering or mental anguish is endured by the victim it has been recognized as an element of damage since the case of *Malone* v. *Hawley,* 46 Cal. 409. (See *Sloane* v. *Southern California Ry. Co.,* 111 Cal. 668, [44 Pac. 320].)

6. In instruction 18 the court informed the jury that an element of damage was "such reasonable sum as the jury shall award him on account of the pain and anxiety that he has suffered or *may suffer* by reason of his injuries." In instruction 19 the jury was informed that "in estimating the damages to be awarded you may take into consideration . . . how far his injuries are permanent in their character and results, as well as the physical and mental suffering he may have sustained *or may undergo in the future* by reason of the injuries."

These instructions were erroneous in permitting the jury to estimate prospective damages upon what they believed might be the plaintiff's future suffering. The rule as laid down in section 3283 of the Civil Code declares that "Damages may be awarded, in a judicial proceeding, for detriment resulting after the commencement thereof or *certain to result* in the future." An instruction that the jury may award such prospective damages, if any, "as they believe plaintiff has sustained or will sustain," has been held erroneous. (*Pennsylvania Co.* v. *Files,* 65 Ohio St. 403, [62 N. E. 1047].) An instruction that the plaintiff could recover for bodily pain and suffering, which "he may have to endure in the future" is condemned. (*Raymond* v. *Keseberg,* 91 Wis. 191, [64 N. W. 861].) An instruction that a recovery might be had for the pain and suffering which "plaintiff was likely to endure in the future" is also condemned. (*Kucera* v. *Merrill Lumber Co.,* 91 Wis. 637, [65 N. W. 374].) An instruction that "In estimating the damages, you will allow plaintiff for any physical suffering and pain and mental anguish, if any, she has suffered and shown in evidence, or which she may in the future suffer, if any, in consequence of the alleged injury" is erroneous, as permitting the jury to enter the realm of speculation regarding such future suffering. (*Hall·*v. *Cedar Rapids etc. Ry. Co.,* 115 Iowa, 18, [87 N. W. 739].) To the same effect is *Chicago Ry. Co.* v. *De Clow,* 124 Fed. 142, [61 C. C. A. 34]; *Chicago etc. R. R. Co.* v. *McDowell,* 66 Neb. 170, [92 N. W. 121]; *Ross* v. *Kansas City,* 48 Mo. App. 440; *Ohio etc. Ry. Co.* v. *Cosby,* 107 Ind. 32, [7 N. E. 373]. It is true that in a succeeding instruction the court declared that plaintiff was entitled to recover not only such damages as he may have suffered, but also "such damages as by the evidence it is reasonably certain he will suffer in the future." Herein is a declaration of the true rule, but none the less the instructions upon the matter are conflicting, and it cannot be said by which the jury was guided.

For which reason the judgment and order must be reversed and the cause remanded.

McFarland, J., and Lorigan, J., concurred.

Hearing in Bank denied.