[L. A. No. 2729.   Department Two.—January 30, 1912.]

## WILLIAM R. WALKER, Respondent, v. SOUTHERN PACIFIC COMPANY (a Corporation), Appellant.

NEGLIGENCE—PERSONAL INJURIES TO MAIL CLERK—VERDICT NOT EXCESSIVE.—For personal injuries negligently inflicted on a man following the business of a mail clerk, who at the time of the accident was about forty-three years old and received a salary of fifteen hundred dollars a year, a verdict of four thousand dollars cannot be held excessive, if such injuries were of such a character as to justify the jury in concluding that the plaintiff could never again follow such business.

ID.—INSTRUCTIONS—ELEMENTS OF DAMAGE—FUTURE SUFFERINGS.—In an action to recover for such injuries, where the instructions, taken as a whole, correctly state the law as to the various elements of damage which the jury might consider in reaching their verdict, an

isolated statement that they might consider "the pecuniary loss likely to be sustained by the plaintiff during life," will not be construed as an authorization to the jury to award damages for speculative future physical or mental suffering.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Frank R. Willis, Judge.

The facts are stated in the opinion of the court.

J. W. McKinley, for Appellant.

E. B. Drake, for Respondent.

MELVIN, J.—Plaintiff, who was a railway mail clerk, was injured in an accident due to the negligence of defendant's servants. He recovered judgment for four thousand dollars. From said judgment and from an order denying its motion for a new trial defendant appeals.

The two points urged by appellant are: 1. That the damages were excessive, and 2. That the court erred in instructing the jury. Without going at length into the testimony relating to plaintiff's injuries, we may say that it is sufficient to establish his theory of the case and to support the verdict. According to the testimony of experts the drum of plaintiff's left ear was perforated and he was permanently deaf in that ear. He testified that before the accident he could hear perfectly, and although the experts differed as to the origin of his deafness and the period of its existence, we think that there was sufficient evidence to justify a conclusion of the jury that it was produced by scalding water, which was thrown upon his face and head during the accident. Doctor Pepper discovered a disturbed condition of the articulation of the ninth rib. He also testified that cicatricial tissue on the right arm, resulting from plaintiff's injuries, impeded the action of the muscles to such an extent that plaintiff could never again use that arm for quick or delicate work, and that his strength in that arm would always be impaired. From such evidence the jury would have been justified in concluding that plaintiff could never again follow his business as a mail clerk. Plaintiff was forty-three years old at the time of the trial. His salary at

the time of the accident was fifteen hundred dollars per annum. In view of the above facts we cannot say that the verdict of four thousand dollars was excessive.

The court instructed the jury upon the various elements of damage which they might properly consider in reaching their verdict and one of these was "the pecuniary loss likely to be sustained by him (plaintiff) during life." Appellant cites *Melone* v. *Sierra Railway Co.*, 151 Cal. 116, [91 Pac. 522], as conclusive of the matter. In that case the court held two certain instructions to be erroneous. In one the jurors were told that they might fix damages in favor of plaintiff in any "such reasonable sum as the jury shall award him on account of the pain and anxiety he has suffered or *may suffer* by reason of his injuries." In the other they were informed that "in estimating the damages to be awarded you may take into consideration . . . how far his injuries are permanent in their character and results, as well as the physical and mental suffering he may have sustained *or may undergo in the future* by reason of the injuries." The reason for the decision was that the condemned instructions permitted the jury "to enter the realm of speculation regarding such future suffering." We do not think that the instructions read as a whole, as they must be, permit the jury to enter this realm of mere speculation.

In the case at bar the jurors were also instructed as follows:—

"If you find that, from the injuries received in the accident set out in the complaint, the plaintiff has suffered physical pain or mental anguish, or that he will necessarily suffer such in the future, then you are instructed that you may consider such physical pain and mental anguish, and also the fact, if it be a fact, that he will continue to suffer the same in the future, as elements of damage.

"The measure of any recovery in favor of the plaintiff herein is called compensatory damages; that is, such a sum as will compensate him for injuries he has sustained. The elements entering into such damages are the following:

"1. If the injury has impaired plaintiff's power to earn money in the future, such a sum as will compensate him for such loss of power.

"2. Such reasonable sum as the jury shall award him on

account of pain and anxiety he has suffered by reason of his injuries, or will certainly suffer in the future."

Taken altogether, the instructions were not, we think, misleading. The instruction of which appellant complains in the case at bar was given in the case of *Cook* v. *Los Angeles P. E. Ry. Co.*, 134 Cal. 279, [66 Pac. 36], (see folio 256 of the transcript), and in that case the court held that the instructions as a whole stated the law correctly. We have reached the same conclusion in this case.

The judgment and order are affirmed.

Lorigan, J., and Henshaw, J., concurred.

Hearing in Bank denied.