[S. F. No. 6490. In Bank.—April 28, 1914.]

## GERMAIN POUCHAN, Respondent, v. JULIUS S. GODEAU, Appellant.

LIBEL AND SLANDER—CHARGING ONE WITH BEING A THIEF—INTERPRETATION OF LANGUAGE.—Where one person, while intercepting another in the doorway of a hall, says to him, "thieves are not allowed in here," the language carries the inference that the person addressed is a thief or that the person speaking so charges.

ID.—REPETITION OF SLANDER IN ANSWER TO QUESTION.—Where a person, while intercepting another in the doorway of a hall, says to him, in the presence of third persons, "thieves are not allowed in here," and the person addressed responds, "then you call me a thief," to which the reply is made, "yes, you are a thief," such repetition of the language, in the presence of the same persons, does not bring the case within the rule of *"volenti non fit injuria."*

ID.—UNDISPUTED FACTS—INSTRUCTION WITHDRAWING QUESTIONS FROM JURY.—Where it appears, in an action for such alleged slander, that there is no controversy, either in the pleadings or the evidence, but that whatever language was used by the defendant concerning the plaintiff was both spoken within the presence and hearing of several third persons and was understood by them, no complaint can be made of an instruction which withdraws from the consideration of the jury the question whether or not the language was heard and understood by any third person.

ID.—DAMAGES FROM SLANDER—FUTURE INJURIES TO CHARACTER—INSTRUCTIONS.—In such case it is reversible error to instruct the jury

that "in fixing the amount of the plaintiff's damages you may take into consideration the mental suffering produced by the utterance of the slanderous words, if you believe from the evidence that such suffering has been endured by the plaintiff, and the present and future injury, if any, to plaintiff's character which the uttering of the words was calculated to inflict."

ID.—MITIGATING CIRCUMSTANCES — PLEADING AND PROOF.—All circumstances in mitigation, other than such as tend to establish the truth of the charge, may be proved in such case without being pleaded.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial.   Geo. A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

Emilio Lastreto, Perry & Perry, and Samuel M. Shortridge, for Appellant.

Costello & Costello, and A. W. Brouillet, for Respondent.

THE COURT.—This case was transferred from the district court of appeal of the first district, by reason of a disagreement of the justices.   Mr. Justice Hall was in favor of a reversal of the judgment and order, and this court agrees with the view which he took.   He said:

"Plaintiff recovered judgment against defendant in an action for slander, in the sum of $1500.00.   The appeal is from the judgment and the order denying defendant's motion for a new trial.

"The only grounds relied upon for a reversal are alleged errors committed by the court in giving and refusing certain instructions and in its rulings upon certain objections to testimony.

"The language which it is charged that defendant used with regard to plaintiff was spoken in the French tongue at the entrance of a hall, wherein a meeting of French people was about to be held, to consider matters concerning the French Hospital and the election of officers thereof.   The language charged to have been used is set out in the complaint, together with its translation into English.

"It is charged that defendant intercepted plaintiff at the doorway of said hall, and in the presence and hearing of

divers persons said to him, 'Thieves are not allowed in here,' to which plaintiff responded, 'Then you call me a thief,' to which the defendant replied, 'Yes, you are a thief.'

"The evidence amply sustains the charge as it is set forth in the complaint.

"The defendant requested the court to give to the jury two instructions, as follows:

" 'I charge you that if you believe or if you find that the words alleged to have been uttered by the defendant, as set forth in plaintiff's complaint, were in reply to a question or questions propounded by defendant to plaintiff, that then said replies are privileged and that you may not assess any damages against defendant, and—'

" 'I charge you that if you find the publication was proved at the trial, and that it was brought about by the plaintiff's own contrivance, that this does not constitute sufficient, evidence of publication, and your verdict must then be for the defendant.'

"The court refused to give either of said instructions.

"Each and every witness who testified to the use of the language complained of testified to the effect that defendant intercepted and barred the entrance of plaintiff to the hall, and at the same time opened the conversation by saying to him, 'Thieves are not allowed in here.' This language, under the circumstances of its use, clearly in itself and without further explanation *prima facie* carried the inference that plaintiff was a thief, or that defendant so charged.

"The fact that plaintiff, by a question, drew out a reiteration in more direct language of the charge already made, in the presence of the same people, does not bring the case within the rule of '*Volenti non fit injuria*,' relied upon by defendant in support of his request for the rejected instructions.

"Where a defendant, not in the presence or hearing of third persons, makes a slanderous statement about a plaintiff, and thereafter at the request of the plaintiff repeats the statement in the presence and hearing of third persons, such repetition cannot be made the basis of an action for slander. Such a case is within the rule now invoked by defendant. (*Patterson* v. *Frazer*, (Tex. Civ. App.), 79 S. W. 1077; *O'Donnell* v. *Nee*, 86 Fed. 96; *Heller* v. *Howard*, 11 Ill. App.

554; *Shinglemeyer* v. *Wright,* 124 Mich. 230, [50 L. R. A. 129, 82 N. W. 887].)

"But under no phase of the evidence in the case at bar does it appear that the language complained of and proven to have been used was but a repetition, at the request of plaintiff, of language previously used but not in the presence of third persons. All the evidence that tends to show the use of the language complained of shows that it was used under the circumstances above detailed, and that the first remark was made by defendant to plaintiff, as above stated, under such circumstances as of itself to carry the meaning that plaintiff was a thief.

"The witnesses for the defendant denied that the language complained of or any part of it was used at all by the defendant. Under this condition of the evidence there was nothing to justify the giving of either of the refused instructions. · .

"Defendant complains that by an instruction which the court gave it practically withdrew from the consideration of the jury the question as to whether or not the language complained of was heard and understood by any third person.

"In this the court did not err for two reasons:

"First, the answer, by not denying the allegations of the amended complaint, to the effect that the language was spoken in the presence and hearing of many persons who understood it, admitted the same.

"Second, all the witnesses, both those for plaintiff and those for defendant—and there were three for each—besides the litigants, testified to hearing and understanding everything that was said by either of the parties. There was thus absolutely no controversy and no question, either in the pleadings or in the evidence, but that whatever language was used by defendant concerning plaintiff was both spoken within the presence and hearing of several third persons and was understood by such third persons.

"At the request of plaintiff the court charged the jury as follows: 'If, from the evidence, under the instructions of the court, you find the defendant guilty, then in fixing the amount of the plaintiff's damages you may take into consideration the mental suffering produced by the utterance of the slanderous words, if you believe from the evidence that

such suffering has been endured by the plaintiff, and the present and future injury, if any, to plaintiff's character which the uttering of the words was calculated to inflict.'

"This instruction cannot be supported as a correct statement as to the elements to be considered in fixing damages.

"By the instructions given the jury were permitted to allow damages, both for such *present and future injury* to the character of plaintiff which the uttering of the words *was calculated* to inflict.

"The words 'calculated' in the connection in which it was used in the challenged instruction may mean either likely or intended. The jury was told that they could allow damages for present and future injury to character, intended or likely to be produced by the uttering of the slanderous words.

" 'Damages may be awarded, in a judicial proceeding for detriment resulting after the commencement thereof, or certain to result in the future.' (Civ. Code, sec. 3283.)

"The instruction under review does not conform to the rule as expressed in the section of the code above quoted. It does not limit the damages for future injury to character to such as are certain to result, but permits damages either for such injury as is likely to result from the uttering of the slanderous words, or such as was intended.

"The instruction is more faulty than a similar one given on the question of damages for future suffering and held to require a new trial in *Melone* v. *Sierra Ry. Co.,* 151 Cal. 116, [91 Pac. 522.] Neither can it be said that the instructions as a whole correctly charge the jury on the question of damages. Certain general instructions were given to the jury to the effect that they could not allow excessive or extravagant damages, and that damages can only be the necessary and reasonable result of the slander and not the remote result thereof, and that the jury should not assess problematical damages which may possibly happen. None of these takes the virus from the challenged instructions. They were but general instructions against allowing excessive or problematical damages. None of them is pointed to the question of allowing damages for future injuries. Certain it is that none of them limits the jury to allowing damages for only such future injury to the character as is certain to result. The instruction, and the only instruction, which the court did

give on the question of damages for injury to character, was
radically wrong; and none of the general instructions which
the court gave on the subject of damages can be fairly said
to have so modified or qualified the rule given as to make of
the charge as a whole a correct one upon the elements of
damage for future injuries. For this reason this case is not
within the cases of *Hersperger* v. *Pacific Lumber Co.* (4 Cal.
App. 460) [88 Pac. 587] and *Lonnergan* v. *Stansbury* (164
Cal. 488, [129 Pac. 770], decided Jan. 14, 1913), where the
trial court, after using in an instruction upon damages "the
unhappy phrase "reasonably probable" sums up its declara-
tion of the law with the pronouncement of the correct rule.

"The court erred in giving the instruction which it gave
upon the question of damages for future injury to character,
and for that reason the judgment and order must be re-
versed."

The other authorities which have been called to our atten-
tion do not alter the rule adopted in *Melone* v. *Sierra Ry.
Co.*, 151 Cal. 116, [91 Pac. 522]. In *Ryan* v. *Oakland Gas,
Light & Heat Co.*, 21 Cal. App. 23, the instruction criticised
by counsel and upheld by the court was one by which the jury
was told that compensation might be awarded for "pain suf-
fered or to be *necessarily* suffered from the injury,"—
clearly a substantial compliance with section 3283 of the
Civil Code. In *Walker* v. *Southern Pacific Co.*, 162 Cal. 123,
[121 Pac. 369], we were considering an instruction by which
the jurors were told that they might consider the pecuniary
loss "likely to be sustained" by the plaintiff "during life,"
but they were also informed that the physical pain and men-
tal anguish, if any, of which they might take cognizance in
reaching a verdict, were such the plaintiff would *necessarily*
suffer in the future. The instruction also specified such el-
ements of damage as the pain and anguish which plaintiff
would *"certainly suffer in the future."* These instructions,
if obeyed, did not allow the jurors to "enter the realm of
speculation" regarding future suffering.

Upon the matter of proof of mitigating circumstances Mr.
Justice Hall's opinion contained the following language:

"Complaint is also made that the court erred in certain
rulings, which it is claimed unduly restricted defendant in his
right to show the mitigating circumstances under which the
language was used.

"Upon an examination of the record it is very doubtful whether or not the defendant could have been injured by any of the rulings complained of under this head. We are inclined to believe that the circumstances sought to be proved were in fact provided substantially by answers to other questions. But for the purposes of a new trial, and in view of the fact that, from the character of the objections made and the remarks of the court, it would appear that both counsel for plaintiff and the court were of the impression that only such mitigating circumstances as were pleaded could be proved, we deem it proper to say that such is not the rule. All circumstances in mitigation other than such as tend to establish the truth of the charge may be proved without being pleaded. (*Davis* v. *Hearst,* 160 Cal. 143, [116 Pac. 530].)"

For the error in giving the instructions upon the subject of damages for future injuries to character the judgment and order are reversed.

Rehearing denied.

Beatty, C. J., and Angellotti, J., do not participate in the foregoing.