[Civ. No. 2357. Second Appellate District, Division One.—July 29, 1919.]

RUTH SAYLOR, a Minor, etc., Respondent, v. A. V. TAYLOR, Appellant.

[1] NEGLIGENCE—ACTION FOR DAMAGES FOR PERSONAL INJURIES—AUTO-MOBILE COLLISION—PLEADING.—In an action to recover damages for injuries alleged to have been sustained as the result of defendant's negligent operation of an automobile, an allegation that the defendant carelessly and negligently drove and managed his automobile, that by reason of his negligence the said automobile violently collided with and struck the automobile in which plaintiff was riding, and that as a result of the said collision so caused the plaintiff was injured, constitutes a sufficient allegation of negligence.

[2] ID. — VIOLATION OF RULE OF ROAD BY DEFENDANT — CONTRIBUTORY NEGLIGENCE OF PLAINTIFF—QUESTION FOR JURY—EVIDENCE—VERDICT.—In this action for damages for personal injuries sustained in an automobile collision, in view of the fact that the defendant was driving on the wrong side of the street, the court properly denied his motion for a nonsuit and submitted to the jury the question as to whether the driver of plaintiff's automobile, as a reasonably prudent man and in the exercise of due care, was justified in turning his car to the left, as did defendant, who was approaching from the opposite direction, to avoid the collision threatened by the negligent act of the defendant; and from the

---

2. Turning to wrong side of road to avoid approaching vehicle which is itself on wrong side as contributory negligence on the part of a plaintiff or negligence on the part of a defendant, note, 7 B. R. C. 705.

evidence, the jury was justified in finding that the plaintiff was not guilty of contributory negligence.

[3] ID.—EVIDENCE—INJURY TO DEFENDANT'S CAR—ERRONEOUS CROSS-EXAMINATION.—In such action, it was error to permit witnesses called by defendant, who were questioned as to the damage suffered by defendant as a result of injuries to his car in the collision, to be questioned on cross-examination as to the radius within which it was possible to turn a car of the make and manufacture of that driven by the defendant, but such error was absolutely harmless and without prejudice.

[4] ID.—PLEADING—APPOINTMENT OF GUARDIAN—INSUFFICIENT DENIAL. In an action by a minor by her guardian *ad litem*, the denial, upon information and belief, that such guardian was by an order of court appointed in such capacity raises no issue.

[5] ID. — FUTURE DAMAGES RECOVERABLE — ERRONEOUS INSTRUCTION. — In an action for damages for personal injuries, an instruction that the plaintiff's right to recover is not limited to such damages as may have occurred up to the time of the filing of her complaint in the action, but in case the jury "find from the evidence that plaintiff is *liable* to continual suffering, and is *liable* to future mental anguish and bodily pain," then the "verdict should be commensurate to such subsequent suffering, mental anguish, and physical suffering as by the evidence she may reasonably suffer in the future, as well as for that suffered down to the time of the filing of her complaint, not exceeding the amount claimed" therein, is erroneous, and such error is not cured by the giving of a later instruction in the language of section 3283 of the Civil Code.

[6] ID.—ERRONEOUS INSTRUCTION—NOT REVERSIBLE ERROR.—In such an action, the giving of an erroneous instruction with reference to the damages recoverable will not constitute a sufficient ground for the setting aside of the judgment rendered, where, upon an examination of the evidence, it is apparent that the error did not result in a miscarriage of justice.

APPEAL from a judgment of the Superior Court of Kings County, and from an order denying a new trial. M. L. Short, Judge. Judgment affirmed; appeal from order dismissed.

The facts are stated in the opinion of the court.

H. Scott Jacobs for Appellant.

R. Justin Miller for Respondent.

SHAW, J.—Action to recover damages for injuries alleged to have been sustained as the result of defendant's negli-

gent operation of an automobile. Judgment upon verdict in favor of plaintiff was entered for $450, from which and an order denying his motion for a new trial defendant appeals.

The order denying the motion for new trial, made on January 13, 1917, is not an appealable order (Code Civ. Proc., sec. 963, as amended in 1915; Stats. 1915, p. 209), and the appeal therefrom is therefore dismissed.

Upon the ground of uncertainty defendant interposed a demurrer to the complaint, which was overruled, and this ruling is assigned as error. [1] His contention is that the allegation, to wit, "that defendant . . . so carelessly and negligently drove and managed his said automobile, that by reason of his negligence the said automobile violently collided with and struck the automobile in which this plaintiff was riding; and that as a result of the said collision so caused as aforesaid, this plaintiff was" injured, was in general terms and by reason thereof insufficient. That the allegation was sufficient admits of no question. "It is well settled that negligence may be charged in general terms; that is, what was done being stated, it is sufficient to say it was negligently done, without stating the particular omission which rendered the act negligent." (*Smith* v. *Buttner*, 90 Cal. 95, [27 Pac. 29]; *Champagne* v. *A. Hamburger & Sons*, 169 Cal. 683, [147 Pac. 954].)

[2] At the close of plaintiff's evidence defendant moved for a nonsuit upon the ground that the evidence showed that plaintiff was guilty of contributory negligence, which motion was denied, and this ruling is assigned as error. The evidence clearly tended to show that the automobile in which plaintiff was riding was traveling westerly on the north side of the center of a street running east and west and near the curb line, at which time defendant was approaching from the opposite direction, driving his automobile on the same side of the street and also near the curb line, between which and defendant's automobile there was not room to pass; that when the driver of plaintiff's car reached a point less than twenty feet from defendant's car, which was still approaching, he, in order to avoid the threatened head-on collision, turned to the left, at which time defendant also turned in the same direction and the two cars collided. Admittedly defendant was on the wrong side of the street, and under the evidence it was a question for the determination of the jury as to whether, under the circumstances

shown, the driver of plaintiff's automobile, as a reasonably prudent man and in the exercise of due care, was justified in turning his car to the left to avoid the collision threatened by the negligent act of defendant. Not only was there no error in the ruling of the court in denying the motion for nonsuit, but there is likewise no ground for appellant's contention that the evidence was insufficient to justify the verdict. Indeed, the testimony of plaintiff's witnesses is such that if the jury believed the truth of their statements, it could not have arrived at a different verdict.

[3]  Error is predicated upon the ruling of the court in permitting the cross-examination of two witnesses called by defendant and questioned as to the damage suffered by defendant as a result of injuries to his car in the collision. Thereupon, on cross-examination, plaintiff questioned them as to the radius within which it was possible to turn a car of the make and manufacture of that driven by defendant. The ruling of the court in permitting these questions was erroneous. Nevertheless, it is apparent from the nature of the questions and the answers thereto that such error was absolutely harmless and without prejudice.

[4]  Plaintiff sued by her guardian *ad litem,* alleging that on July 22, 1914, Edgar F. Saylor was by an order of court appointed in such capacity. In his answer defendant, upon information and belief, denied the allegation. No proof was offered thereon, for which reason he claims the judgment should be reversed. The order was made in the case, the records of which afforded defendant a ready means of ascertaining the truth of the allegation, and hence it was not an allegation as to which issue could be joined by a denial for want of information and belief. (*Mulcahy* v. *Buckley,* 100 Cal. 484, [35 Pac. 144] ; *Mullally* v. *Townsend,* 119 Cal. 47 [50 Pac. 1066].)

[5]  The court instructed the jury that plaintiff's right to recover was not limited to such damages as may have occurred up to the time of the filing of her complaint in the action, and further said, "But in case you find from the evidence that plaintiff is liable to continual suffering, and is liable to future mental anguish and bodily pain, then your verdict should be commensurate to such subsequent suffering, mental anguish, and physical suffering, as by the evidence she may reasonably suffer in the future, as well as for that suffered down to the time of the filing of her complaint, not

exceeding the amount claimed'' therein. We agree with appellant that the giving of this instruction was error, since under section 3283 of the Civil Code, ''damages may be awarded, in a judicial proceeding, for detriment resulting after the commencement thereof, or certain to result in the future.'' As used, the word ''liable'' must be construed, not as referring to a detriment *certain to result*, but to a future possible or probable happening which may not actually occur. (*Home Ins. Co.* v. *Peoria & P. U. Ry. Co.*, 178 Ill. 64, [52 N. E. 862].) The jury, notwithstanding an instruction later given by the court in the language of section 3283, might have considered the first one applicable to the facts established and, as claimed by appellant, indulged in the realm of speculation and conjecture as to the liability of future suffering and detriment. That it was error and not cured by the subsequent instruction with which it was in conflict, see *Martin* v. *Southern Pacific Co.*, 130 Cal. 285, [62 Pac. 515]; *Melone* v. *Sierra Ry. Co.*, 151 Cal. 113, [91 Pac. 522], and *Walker* v. *Southern Pacific Co.*, 162 Cal. 121, [121 Pac. 369].

[6] Nevertheless, and conceding the error, we are satisfied, upon an examination of the evidence, that it did not result in a miscarriage of justice, without which, as provided in section 4½ of article VI of the constitution, this court should not set aside the judgment rendered. It appears without contradiction that plaintiff was seriously, if not permanently, injured; that in addition to both limbs and an artery being badly cut, necessitating a number of stitches being taken to close the wounds, a ligament of the kneecap was almost severed, which likewise had to be drawn together by stitches; in addition to all of which her nervous system was more or less impaired. It further appeared that at the time of the trial, about a year after the accident, plaintiff's condition, as a result of the injuries, was such that she could not stand upon the limb affected by the severed ligament without suffering pain. Hence, conceding the jury, as claimed by appellant, *might have* indulged in speculation and conjecture, it is apparent, when considering the amount of the verdict as compared with the serious injuries sustained by plaintiff, that if they did enter into the realm of speculation the voyage therein was of exceedingly short duration and not to an extent that affected the verdict.

An examination of other alleged errors predicated upon the giving and the refusing to give instructions discloses no merit in appellant's contentions based thereon.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.