[Civ. No. 3547. Second Appellate District, Division Two.—June 24, 1921.]

CHARLES A. KEMP, Respondent, v. FRANK VAN BEZEL, Appellant.

[Civ. No. 3548. Second Appellate District, Division Two.—June 24, 1921.]

HELENA M. KEMP, Respondent, v. FRANK VAN BEZEL, Appellant.

[1] NEGLIGENCE—COLLISION BETWEEN MOTOR-BUS AND SWITCH ENGINE —EVIDENCE.—In this action for damages for personal injuries suffered in a collision between a motor-bus in which the plaintiffs were riding and a switch engine, the evidence made a sufficient case of negligence on the part of the driver of the bus.

[2] ID. — DAMAGES TO HUSBAND — EVIDENCE.—The complaint of the husband having been in two counts, the one for general damages and the other for special damages in the expenditure of moneys for the hire of nurses and for the services of physicians and the like, and for the loss of the society and services of the wife, and he having introduced proof showing the actual payment by him of various bills aggregating more than four hundred dollars, and the evidence having shown that his injuries consisted of minor bruises and two lacerations of the arm, one of which was four

_____

1. Care required of driver of automobile at railroad crossing, notes, Ann. Cas. 1913B, 680; Ann. Cas. 1915B, 767; 21 L. R. A. (N. S.) 794; 29 L. R. A. (N. S.) 924; 46 L. R. A. (N. S.) 702.

inches in length and had to be sewed up by a surgeon, and that he was rendered unconscious for a few minutes by the accident and suffered a nervous shock from which he did not recover for a week, the jury was justified in allowing him judgment for five hundred dollars.

[3] ID. — CHARACTER AND EXTENT OF WIFE'S INJURIES — EXCESSIVE DAMAGES.—In this action for damages for personal injuries suffered in a collision between a motor-bus and a switch engine, in view of the character and extent of the wife's injuries and the effect thereof on her general health, it could not be said that the jury's verdict of two thousand five hundred dollars was excessive.

[4] ID.—GENERAL DAMAGES—PROPER INSTRUCTION.—In such action an instruction that in estimating the damage to the wife, the jury "are to take into consideration the pain and suffering, if any, which she has sustained, and which it is reasonably certain that she may sustain hereafter, the impairment of her health, strength and activity, and any other injuries she may have received, and award her damages as, in your judgment, shall be fair, not exceeding the sum" prayed for in her complaint, is proper.

[5] ID.—DUTY OF COMMON CARRIER TO PASSENGERS—SUFFICIENT INSTRUCTION.—An instruction, "A common carrier of passengers owes to his passengers the duty of exercising the highest degree of care in safely carrying his passengers throughout their journey," is not erroneous because of the omission therefrom of the clause, contained in the closing portion of section 2100 of the Civil Code, "and must exercise to that end a reasonable degree of skill."

APPEAL from a judgment of the Superior Court of Los Angeles County. Chas. Monroe, Judge. Affirmed.

The facts are stated in the opinion of the court.

Duke Stone for Appellant.

T. A. Williams for Respondent.

WORKS, J.—These two actions were for the recovery of damages for personal injuries suffered in a collision between a motor-bus owned and operated by defendant Van Bezel and a switch engine of defendant corporation. The plaintiffs, who were husband and wife, were passengers in the

3. Excessiveness of verdicts in actions for personal injuries other than death, notes, 16 Ann. Cas. 8; Ann. Cas. 1913A, 1361; Ann. Cas. 1915D, 488; Ann. Cas. 1916C, 916; L. R. A. 1915F, 30.

motor-bus. Under stipulation the two actions were tried together by a jury. Plaintiffs had judgment against defendant Van Bezel, and he appeals.

[1] The first contention of appellant is that there was no sufficient evidence of negligence on his part. The accident occurred at the intersection of Seventh and Alameda Streets, in a thickly built industrial district of Los Angeles. A brick building stood at the right of the motor-bus as it approached the intersection, obscuring the view of the driver toward the direction from which the switch engine came. The driver of the bus and some others testified that the engine gave no signal or warning as it approached, and that it bore no lights, the accident having occurred between 12 and 1 o'clock at night; but there was much evidence to the contrary. The driver of an automobile which was seventy-five feet behind the bus at the crossing, having just been passed by it, testified that as the bus "came to the intersection it was going about twenty miles an hour." This witness did not see a headlight, but he did see the "body of the engine" as it came from behind the brick building and heard its bells ringing. The fireman on the switch engine testified: "The engine was equipped with headlights on both ends. Just prior to the accident there was as good headlights as on any switch engine. They were not lighted with electric lights. They were carbide lights. Part of the fender of the bus came up through the cab window and put the lights out of commission. It pushed the can loose and connection loose so that the lights went out. The bell was ringing at the time of the accident." The testimony of the engineer corroborated that of the fireman. This evidence made a sufficient case of negligence on the part of the driver of the bus.

[2] The husband had judgment for five hundred dollars and the wife for two thousand five hundred dollars. Appellant insists that these awards were excessive. The complaint of the husband was in two counts, the one for general damages, the other for special damages in the expenditure of moneys for the hire of nurses and for the services of physicians and the like, and for the loss of the society and service of the wife. Under this claim for special damages the proof showed the actual payment by the husband of various bills aggregating more than four hundred dol-

lars. The jury therefore allowed him, if we disregard the item of loss of the wife's society and service, less than one hundred dollars as general damages. His injuries consisted of minor bruises and two lacerations of the arm, one of which was four inches in length and had to be sewed up by a surgeon. He was rendered unconscious for a few minutes by the accident and suffered a nervous shock from which he did not recover for a week. The jury was amply justified in allowing him judgment for five hundred dollars.

[3] The wife's injuries were severe, and for an account of them we look to portions of the evidence recited in appellant's brief. She received a blow on the head from which it was thought a fracture had resulted, but, as it transpired later, this was a mistake. There was a contusion over her right eye, the eye was bloodshot and a doctor testified he could get no vision from it; there was a contusion on the back of the head, a cut on the nose, a cut on the upper lip which required stitching to close the mouth, and there was a deep bruise in the middle of the right thigh She was in a dazed condition the next morning after the accident, and was confined to her bed or to a wheel-chair for about four weeks, did not walk without assistance for eight or nine weeks, and not at all for seven weeks. She had trouble with her eye for several months and had to consult a specialist about it. Her health was good before the accident, but was very bad from the date of the occurrence up to the time of the trial, a period of about two years; and during that time she was nervous and irritable. As late as the time of trial she complained of pain in her head and leg, and the leg required rubbing to alleviate the pain in that member. We are far from being able to say that a verdict of two thousand five hundred dollars under such circumstances was excessive.

Appellant requested two certain instructions which were refused, and it is claimed that the refusal to give them was error. It is enough to say, upon this point, that the subject matter of the requested instructions was covered by instructions which were given.

[4] The court gave an instruction in this language: ''In estimating the damage to Helena M. Kemp, you are to take into consideration the pain and suffering, if any, which she has sustained, and which it is reasonably certain that she

may sustain hereafter, the impairment of her health, strength, and activity, and any other injuries she may have received, and award her damages as, in your judgment, shall be fair, not exceeding the sum of ten thousand dollars,'' that being the amount prayed for in her complaint. Appellant contends that the instruction was erroneous and cites *Melone* v. *Sierra Ry. Co.*, 151 Cal. 113 [91 Pac. 522], in support of his view; but the supreme court in that case approved an instruction in the form given by the trial court. The difficulty there was that another instruction had also been given on the same subject, the two taken together being conflicting. The court reversed the judgment because it could not be determined which of the contradictory instructions had guided the jury. The instruction given by the trial court was proper.

[5] An instruction was given to the effect that ''A common carrier of passengers owes to his passengers the duty of exercising the highest degree of care in safely carrying his passengers throughout their journey,'' together with other matter not necessary to be noted. Section 2100 of the Civil Code contains language substantially like that given to the jury, but concludes with the clause, ''and must exercise to that end a reasonable degree of skill.'' Appellant contends that the instruction was erroneous without the substance of these closing words of the code section. The omission of these words, however, is not one of which appellant may complain, as it has been determined that the closing portion of section 2100 imposes an additional burden on carriers (*Fisher* v. *Southern Pac. R. Co.*, 89 Cal. 399 [26 Pac. 894]). The omission from the instruction of the language mentioned, granting that in a legal sense it may be called an omission, was more favorable to appellant than would have been its inclusion.

Judgment affirmed in each case.

Finlayson, P. J., and Craig, J., concurred.