[Civ. No. 5056. Second Appellate District, Division One.—August 25, 1927.]

MRS. MARK NORTON et al., Respondents, v. P. E. HOULETTE, Appellant.

HARRY FLOOD NORTON, etc., Respondents, v. P. E. HOULETTE, Appellant.

234

J. S. Garnett and Joe Crider, Jr., for Appellant.

Paul Barksdale D'Orr, G. A. McElroy and F. M. Bottorff for Respondents.

HOUSER, J.—One of the actions herein involved was brought by the guardian of a minor for damages arising out of a personal injury alleged to have been sustained by said minor and to have been caused by and through the negligence of defendant. The other action was brought by the parents of the minor against defendant to recover damages on account of expenses incurred by said parents in connection with the medical treatment of the minor, made necessary by the injuries received by him. The two cases were consolidated for the purpose of trial, and defendant appeals from a judgment against him in each of such cases.

Briefly stated, the essential facts appear to be that Henry Flood Norton (the minor) was riding a bicycle near the left rear wheel of an automobile and with his right hand was holding on to such automobile, while with his left hand he grasped the handlebar of the bicycle on which he was riding; that in an automobile driven and owned by him, defendant was closely following plaintiff on his bicycle and the automobile on to which plaintiff was holding; that by reason of the negligence of either plaintiff or defendant, plaintiff fell from the bicycle and was run over by the automobile operated by defendant and received the injuries for which compensation was sought from defendant in the action herein.

One of the points made by appellant for reversal of the judgment is that neither of the verdicts rendered by the jury is supported by the evidence. In that connection it need only be said that on the trial of the action

evidence was received in effect that in attempting to drive his automobile around or past plaintiff and the automobile on to which he was holding, without any fault on the part of plaintiff, the automobile driven by defendant collided with the bicycle on which plaintiff was riding, thus causing plaintiff to fall to the ground, and thereupon that one of the front wheels of defendant's automobile passed over the body of plaintiff, which resulted in the injuries of which he complained. While in volume, perhaps more evidence was received which tended to show due care on the part of defendant than was introduced which would justify a finding of negligence, nevertheless, under well-established principles of law, the decision reached by the jury in the premises is conclusive as to the facts.

It is contended by appellant that the trial court erred in giving to the jury the following instruction:

"I instruct you that if you find for the plaintiff, Harry Flood Norton, it will be your duty to determine from the evidence the amount of his damage which would be compensation for his injuries. In doing so you should carefully consider from the evidence the nature, extent and character of the injury sustained. You should also determine whether or not the injuries to the plaintiff are permanent; and you should allow him for all damages which naturally and directly resulted from his injuries, whether in the past or in the future. You should allow him such damages for bodily pain, suffering and mental anguish as under the evidence you believe him entitled to, and you should allow him such damages for physical disability, if any such there be, as from the evidence you believe him entitled to.

"The law establishes no. exact rule by which to fix the amount of damages for bodily pain, suffering and mental anguish, but leaves it to you to determine from the evidence the reasonable amount thereof. The measure of such damages is the fair and impartial opinion of the jurors as made up from the evidence under the instruction of the court.

"If you should find from the evidence that the plaintiff will suffer damage by reason of impairment or diminished capacity for earning money, then in estimating this element of plaintiff's damage you will take into consideration the character of his injuries, their probable permanent effect,

if any, upon his strength, endurance and activity, and the probable likelihood, if any, that he would be less able to earn money after he has become twenty-one years of age, or after being emancipated by his parents (that is, permitted to work for himself) before reaching the age of twenty-one.''

Appellant directs particular attention to the language of the instruction which authorizes the jury in determining the damages which the plaintiff might suffer by reason of impaired or diminished earning capacity, to consider the *"probable permanent effect"* of plaintiff's injuries, and the *"probable likelihood, if any,"* that plaintiff would be less able to earn money, etc. Reliance by appellant is principally placed in the case of *Melone* v. *Sierra Ry. Co.*, 151 Cal. 113 [91 Pac. 522], where an instruction was condemned which permitted the jury to take into consideration such physical and mental suffering as the plaintiff ''may undergo in the future.'' It was there pointed out that section 3283 of the Civil Code permitted such damages only as had already resulted or which were certain to result in the future.

As a limitation upon the language of the instruction to which appellant has directed attention, it will be noted that the instruction also contained the following: ''You should also determine whether or not the injuries to the plaintiff are permanent and you should allow him for all damages which actually (naturally) and directly resulted from his injuries, whether in the past or in the future.''

By consulting the dictionary authorities, it will be seen that in the use of the word ''actually'' the jury was instructed to *establish as a fact* the resulting damage, and by the use of the word ''directly'' was limited to what grew out of the particular injury in question. The further admonition to the jury was that in arriving at the damage it must consider the evidence, and if it should be found that the plaintiff would suffer future damage by reason of impairment or diminished capacity for earning money, then in estimating that element of plaintiff's damage, the jury might take into consideration the character of plaintiff's injuries, their *probable permanent effect,* if any, upon his strength, endurance, and activity and the *probable likelihood,* if any, that he would be less able to earn money, etc. It thus

appears that the jury having reached a conclusion as to the extent of the injury, it then was authorized to fix the damage, which must be *certain* under section 3283 of the Civil Code. For the damage, the jury was directed that it must look to the evidence,—the person's capacity to earn money, etc. In other words, the use of the words "probable" and "likelihood" have reference to determining the *extent of the injury,* and not to the element of fixing the damage resulting therefrom. While, as contended by respondent, upon an analysis of the several parts of the requested instruction, including that part thereof to which reference has just been had, and upon a proper construction being placed upon the language thereof to which objection is made by appellant, the instruction as a whole may be distinguished from the instruction under consideration in the Melone case,—in view of the fact that by certain other cases decided by the appellate and the supreme courts of this state, instructions containing language which apparently was as much in conflict with the literal language of section 3283 of the Civil Code as is the wording to which appellant objects of the instruction here under consideration, were upheld,—in the instant case, we are constrained to rule that while not to be commended, the instruction of which complaint is made was not prejudicial to the rights of defendant.

In the case of *Kimic* v. *San Jose-Los Gatos etc. Ry. Co.,* 156 Cal. 379, 388 [104 Pac. 986, 990], the jury was given an instruction which, among other things, contained the following language: " . . . You are the judges of the fact as to the extent and severity of the injuries sustained by the plaintiff, and also as to the fact of the existence of neurasthenia, or traumatic neurosis, as well as the degree of such disease, and of the *probability of its permanency.* . . . " In commenting on that portion of the instruction to which attention has been directed, among other things, the court said: "The theory of learned counsel for appellant apparently is that the jury were practically told by this instruction that they might allow damages for such future loss as they thought might 'possibly or probably' follow on account of the injuries, the true rule in this regard being, as stated in *Melone* v. *Sierra Ry. Co.,* 151 Cal. 117 [91 Pac. 522], that plaintiff can recover only 'such

damages as by the evidence it is reasonably certain he will suffer in the future.' We do not so construe the instruction. It was not an instruction on the subject of damages at all. . . . The whole purpose and effect of this instruction was to impress upon the jury that they were the sole judges as to the extent and severity of the injuries sustained, the then condition of the plaintiff in the respect specified and the probability of its permanency, and that in all these matters the burden was on the plaintiff to establish his case by a preponderance of the evidence. It was nowhere intimated to the jury that they might award damages for further losses which were only possible or probable and not reasonably certain to ensue.''

In *Rouse* v. *Pacific Electric Ry. Co.*, 27 Cal. App. 772, 774 [151 Pac. 164], an instruction to the jury was upheld which contained a statement of law that ''the jury will consider what, if anything, has been *or will probably be* the plaintiff's loss of earning power''; and a similar conclusion was reached by the supreme court in *Stein* v. *United Railroads*, 159 Cal. 368, 373 [113 Pac. 663], with reference to a part of an instruction to the jury that it might consider ''whether the injury was *temporary in its nature*, or was *likely* to be permanent in its character.'' Likewise, in *Walker* v. *Southern Pacific Co.*, 162 Cal. 123 [121 Pac. 369], where it appeared that the jury was instructed as to the various elements of damages which might be considered, including ''the pecuniary loss *likely* to be sustained by him (plaintiff) during life.''

In discussing the feature of probabilities as an item of damage, in *Ruppel* v. *United Railroads*, 1 Cal. App. 670 [82 Pac. 1073], the following is quoted from Sutherland on Damages, third edition, volume 4, section 1263: ''If they (the jury) are satisfied from the history of the family, or the *intrinsic probabilities* of the case, that they were sustained by the loss of bodily care, or intellectual culture, or moral training which the mother had before supplied, they are at liberty to allow for it.''

And see *Storris* v. *Los Angeles Traction Co.*, 134 Cal. 91 [66 Pac. 72]; *Brown* v. *Beck*, 63 Cal. App. 686, 697 [220 Pac. 14]; *Jones* v. *United Railroads, etc.*, 54 Cal. App. 744, 754 [202 Pac. 919].

It is also urged by appellant that the trial court erred in giving to the jury an instruction involving the doctrine of "last clear chance." ██ The record, however, shows that at the request of defendant an instruction was given to the jury concerning the identical situation to which he now makes objection. In such circumstances it is clear that appellant is in no position to complain. ██ Aside from that fact, however, evidence was introduced by defendant on the trial of the action in substance that as defendant in his automobile was following plaintiff on his bicycle, defendant saw the front wheel of the bicycle collide with the left rear wheel of the automobile on which plaintiff was holding, which caused plaintiff to fall to the ground. Other evidence in the case in effect tended to show that after plaintiff was thrown from his bicycle it would have been possible for defendant, in the exercise of ordinary care, to avoid injuring plaintiff. Accordingly, it is clear that an instruction to the jury, correctly stating the principle of law embraced in the doctrine of "last clear chance," was appropriate. The instruction to which appellant takes exception was as follows:

"I instruct you that if you believe from the evidence that at the time of said injury the plaintiff, Harry Flood Norton, was negligent, and as a result of said negligence he was in a situation of danger from which he could not escape by the exercise of ordinary care, or of which danger he was unaware, and that the defendant, P. T. Houlette, was aware of plaintiff, Harry Flood Norton's, dangerous situation, under such circumstances that he realized *or ought to have realized the boy's inability to escape therefrom* (italics are ours), and that defendant, P. T. Houlette, had a clear chance to avoid injuring plaintiff by the exercise of ordinary care, and that defendant, P. T. Houlette, failed to do so, then you will find for plaintiff. But, if plaintiff became aware of the danger and was able to escape by the exercise of ordinary care, but failed to do so, he cannot blame the burden of the resulting injury upon the defendant. In that case your verdict should be for the defendant."

Appellant's criticism is especially directed to the words italicized in the instruction, to wit: "or ought to have realized the boy's inability to escape therefrom."

It may be said that in the abstract the law is well settled that before the doctrine of "last clear chance" will apply it must appear that the person responsible for the injury, seeing or knowing of the peril of the injured person, or knowing facts from which a reasonable man would believe him to be in peril, has not used ordinary care to avoid the injury. (*Arnold* v. *San Francisco etc. Rys.*, 175 Cal. 1, 5 [164 Pac. 798], and cases there cited.)

Part of the testimony given by the defendant included the following: "A. And when this yellow roadster came up alongside the car he (plaintiff) twisted his wheel, his front wheel of his bicycle around and touched the wheel, of the car; I saw him, he fell in a pile on the road with his wheel on top of him, and I was at that time, oh, I should say 18 or 20 feet behind him at that time going at a speed of about 20 miles an hour, and I threw my brakes, my emergency brake, threw out my clutch, my foot brake; at this time I threw my car to the left and tried to avoid him; my front wheel passed over him. . . . Q. When did you begin to put on your brakes? A. Just as soon as the boy fell, I suppose possibly I might have run along three or four feet, you might say, before I got my brakes on."

It thus becomes evident not only that defendant "ought to have realized the boy's inability to escape," but that as a matter of fact he actually knew of the boy's extreme peril and, as might have been deduced by the jury from his testimony, exercised ordinary care to prevent the happening of the accident. It therefore is manifest that that portion of the instruction to which objection is made resulted in no prejudice to the rights of defendant. But, in addition thereto, in the case of *Palmer* v. *Tschudy*, 191 Cal. 696, 700 [218 Pac. 36, 37], the supreme court, in discussing the rule here under consideration, made the following statement of law:

"The last-clear chance rule presupposes: that the plaintiff has been negligent; that as a result thereof she is in a situation of danger from which she cannot escape by the exercise of ordinary care; that the defendant is aware of her dangerous situation under such circumstances that he realizes, *or ought to realize,* her inability to escape therefrom; that he then has a clear chance to avoid injuring her by the exercise of ordinary care, and he fails to do so."

Considering the facts and the law, it cannot be said that prejudicial error was committed by the trial court either in the giving of the instruction as a whole or in including therein the words to which attention has been directed.

As the judgment rendered in the action brought by the parents of the minor against defendant depended for its soundness upon the validity of the judgment in the action brought by the guardian of the minor, it follows that each of such judgments should be affirmed. It is so ordered.

Conrey, P. J., and York, J., concurred.